## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DR. LAKSHMI ARUNACHALAM, <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, SAP AMERICA, INC., JPMORGAN CHASE & CO., HON. RICHARD G. ANDREWS, AND DOES 1-100, <br><br> Defendants. | C.A. No. 1:16-cv-00281-RGA |

### DEFENDANT JPMORGAN CHASE & CO.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

OF COUNSEL:

Douglas R. Nemec
Edward L. Tulin
Andrew D. Gish
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000
douglas.nemec@skadden.com
edward.tulin@skadden.com
andrew.gish@skadden.com

Robert S. Saunders (ID No. 3027)
Jessica R. Kunz (ID No. 5698)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
920 N. King Street, 7th Floor
Wilmington, Delaware  19801
(302) 651-3000
rob.saunders@skadden.com
jessica.kunz@skadden.com

*Attorneys for Defendant JPMorgan Chase & Co.*

DATED:  August 22, 2016

**TABLE OF CONTENTS**

Page

I. PLAINTIFF STILL HAS NOT IDENTIFIED A PREDICATE RICO ACT COMMITTED BY JPMC. ...................................................................................... 2

    A. Patent Infringement Is Not A Predicate Act. ........................................................ 2

    B. Trademark Infringement And Anti-Trust Violations Cannot Give Rise To RICO Liability. ...................................................................................................... 3

    C. Plaintiff Alleges No Facts Relating To Copyright Infringement Or Trade Secret Violations. ................................................................................................... 4

II. PLAINTIFF'S NEW EXHIBITS ONLY CONFIRM THAT PLAINTIFF HAS NOT ALLEGED A COGNIZABLE CLAIM UNDER SECTION 1962(B) AGAINST JPMC. ..................................................................................................... 6

    A. JPMC Is Not Even Mentioned In The Newly Cited Documents ......................... 6

    B. By Plaintiff's Own Admission, JPMC Is Just A Customer Of The Sole Product-At-Issue. .................................................................................................. 7

III. CONCLUSION ................................................................................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................. 6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................. 3

*Carell v. Shubert Organization, Inc.*,
    104 F. Supp. 2d 236 (S.D.N.Y. 2000) ................................................................................. 5

*Foster v. Pitney Bowes Corp.*,
    No. Civ.A 11-7303, 2013 WL 487196 (E.D. Pa. Feb. 8, 2013) .......................................... 6

*Gomez v. Guthy-Renker, LLC*,
    Case No. EDCV 14-01425 JGB (KKx), 2015 WL 4270042 (C.D. Cal. July 13,
    2015) ................................................................................................................................... 9

*Johnson v. Riverwalk Holdings, Ltd.*,
    No. 12-CV-00427-WYD-GJR, 2012 WL 6012745 (D. Colo. Nov. 30, 2012) .................... 7

*Jubelirer v. Mastercard International, Inc.*,
    68 F. Supp. 2d 1049 (W.D. Wis. 1999) .............................................................................. 9

*Kelly v. L.L. Cool J.*,
    145 F.R.D. 32 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1992) .................................... 4

*Palatkevich v. Choupak*,
    Nos. 12 Civ. 1681(CM), 12 Civ. 1682(CM), 2014 WL 1509236 (S.D.N.Y. Jan.
    24, 2014) ............................................................................................................................. 5

*Perfect 10, Inc. v. CCBill, LLC*,
    340 F. Supp. 2d 1077 (C.D. Cal. 2004), *aff'd in part, rev'd in part*, 481 F.3d 751
    (9th Cir. 2007) .................................................................................................................... 5

*Phillips v. County of Allegheny*,
    515 F.3d 224 (3d Cir. 2008) ............................................................................................... 3

*Standard Investment Chartered Inc. v. NASD*,
    621 F. Supp. 2d 55 (S.D.N.Y. 2007) ................................................................................... 7

*Stewart v. Wachowski*,
    No. CV 03-2873 MMM (VBK), 2005 WL 6184235 (C.D.Cal. June 14, 2005) ................. 5

## STATUTES

17 U.S.C. § 506(a)(1) ..................................................................................................................4

18 U.S.C. § 1961(1) ....................................................................................................................4

18 U.S.C. § 2319 .........................................................................................................................4

18 U.S.C. § 1831 .........................................................................................................................4

18 U.S.C. § 1832 .........................................................................................................................4

Defendant JP Morgan Chase & Co. ("JPMC") respectfully submits this reply brief in further support of its motion to dismiss (D.I. 21 ("JPMC's Motion")).

As is evident from the response brief filed by Dr. Arunachalam ("Plaintiff"), there are no viable grounds for a RICO action against JPMC. When the hyperbolic and defamatory rhetoric is stripped away, all that is left to support Plaintiff's action is a straightforward, unremarkable alleged fact pattern: IBM and SAP developed a software product (Websphere) that, according to Plaintiff, infringes her intellectual property, and that was also purchased by JPMC. Those alleged facts bear no resemblance to the sort of organized criminal activities – typically involving loan-sharking, extortion, governmental corruption, or drug trafficking – that the RICO statutes were designed to combat. The alleged facts also underscore that JPMC has nothing more than an arms-length, commercial relationship with SAP and IBM – indeed, the only real commonality among these three entities is that they each were able to separately and successfully invalidate Plaintiff's patents (IBM and SAP in different actions in the Patent & Trademark Office, and JPMC in this Court). The dearth of factual allegations to support Plaintiff's RICO claims makes clear that this lawsuit is just the latest attempt to resuscitate patent infringement claims that were rejected when raised through the proper channels.

Without any actual allegations to support her RICO claims against JPMC, Plaintiff adopts a three-fold strategy in her response brief: (a) double-down on asserting patent infringement as the basis for RICO liability; (b) assert (without amending her pleading) that JPMC has also infringed other aspects of her intellectual property (such as unspecified trademarks and trade secrets); and (c) cite new and extraneous documents *that never even mention JPMC*. None of these tactics is sufficient to salvage what is a facially defective and legally insufficient RICO claim, because none can remedy the fundamental flaw that JPMC identified in its opening brief.

Specifically, intellectual property infringement simply cannot give rise to a RICO claim because it is not a predicate act of racketeering defined in 18 U.S.C. § 1961(1). Moreover, although Plaintiff's response brief is focused primarily on the Eclipse Foundation as the RICO enterprise, Plaintiff's own evidence confirms that JPMC has no interest in or control of this enterprise.

## I.  PLAINTIFF STILL HAS NOT IDENTIFIED A PREDICATE RICO ACT COMMITTED BY JPMC.

### A.  Patent Infringement Is Not A Predicate Act.

In its opening brief, JPMC cited the well-established law that "'patent infringement is not a predicate act enumerated by the RICO statute, and thus cannot be the basis of a RICO claim.'" (D.I. 22 at 9 (citations omitted).) Undeterred by this undisputed law, Plaintiff merely repeats her allegations of patent infringement in her response brief. (*See, e.g.*, D.I. 49 at 11 (accusing JPMC of "patent infringement" and of violating "the Patent Act"); *id.* at 13 (accusing JPMC of "deriv[ing] profit" from the use of "source code belonging to Plaintiff and others through the unlawful use without a patent license"); *id.* at 14 (alleging that JPMC "used . . . source code and inventions belonging to Dr. Arunachalam and others . . . without a patent license" in violation of the "Patent Act").) The crux of Plaintiff's Amended Complaint is that JPMC has used Plaintiff's alleged "inventions" without first obtaining a patent license. Even if true (and it is not),[1] that allegation cannot give rise to RICO liability because it is not one of the predicate acts enumerated in 18 U.S.C. § 1961(1).

---

[1] Plaintiff appears to misstate the standard applicable to JPMC's Motion by referring to her belief that "there are many material facts in dispute." (D.I. 49 at 20; *see also id.* at 15.) As set forth in JPMC's opening brief, for purposes of this Motion, the Court must accept all well-pleaded factual allegations as true and view them in the light most favorable to Plaintiff. (D.I. 22 at 5.) The fatal defect with Plaintiff's Amended Complaint is that, even if Plaintiff's allegations are viewed in such a light, they cannot form the basis for a RICO action.

### B.  Trademark Infringement And Anti-Trust Violations Cannot Give Rise To RICO Liability.

In her response brief, Plaintiff attempts to bolster her allegations by invoking additional, unspecified encroachments on her intellectual property.  For instance, Plaintiff contends that JPMC's actions are "not only patent infringement, but [they are] also copyright and trademark infringement, and violation of many laws, including but not limited to the Patent Act [and] Anti-trust statutes."  (D.I. 49 at 11.)  There are several reasons why these statements are insufficient to avoid dismissal of Plaintiff's Amended Complaint.  First, Plaintiff has pleaded no factual allegations describing either trademark infringement or antitrust violations in her Amended Complaint.  As JPMC noted in its opening brief, the *Twombly* pleading standard obligates a plaintiff to set forth at least the "grounds" of her "entitlement to relief," and must provide more than a "formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) (noting that a pleader must make a "showing" of entitlement to relief and give the defendant fair notice of what the claim is and the grounds upon which it rests, beyond a "bare averment that [sh]e wants relief and is entitled to it" (internal quotations and citation omitted)).  Plaintiff has alleged no facts whatsoever related to these claims, and has provided no notice as to whether these claims arise from the same set of operative facts as her claims of patent infringement.[2]

---

[2]  Indeed, Plaintiff has collapsed four separate and discrete causes of action under the RICO statutes (in subsections 1962(a), (b), (c), and (d), respectively), into what appears to be a single, amalgamated cause of action.  (D.I. 49 at 1.)  And although Plaintiff does not allege any facts to support that action in either her Amended Complaint or response brief, she nonetheless recites 17 different predicate acts from the RICO statute.  (D.I. 49 at 9-10.)  In other words, although Plaintiff's Amended Complaint does not specifically identify any action (other than alleged patent infringement) taken by JPMC that could be construed as running afoul of any law, she nonetheless simultaneously contends that JPMC has violated

*(cont'd)*

Even if Plaintiff had alleged any facts relating to trademark infringement or antitrust violations, those claims could not support a RICO-based complaint. That is because, like patent infringement, those claims are not among the predicate acts listed in 18 U.S.C. § 1961(1). Therefore, Plaintiff's mere invocation of the specter of additional intellectual property causes of action is insufficient to avoid dismissal of her RICO-based complaint.

### C. Plaintiff Alleges No Facts Relating To Copyright Infringement Or Trade Secret Violations.

In her response brief, Plaintiff contends that she "alleged in her complaint that . . . JPM[C]'s purchase of WebSphere development tools and Web application products and services is criminal infringement of a copyright, 18 U.S.C. § 2319; economic espionage and theft of trade secrets, 18 U.S.C. §§ 1831 and 1832; and more." (D.I. 49 at 10.) That is false. The Amended Complaint does not invoke any of those statutes or causes of action, does not refer at any point to a "trade secret," and does not directly accuse JPMC (or any other defendant) of copyright infringement.

Even if the Amended Complaint did contain such allegations, those would be insufficient to survive a motion to dismiss. One commits criminal copyright infringement when she "willfully infringes a copyright . . . for purposes of commercial advantage or private financial gain." 17 U.S.C. § 506(a)(1). Because criminal copyright infringement requires proof of all the elements of civil copyright infringement, "conduct that does not support a civil action for infringement cannot constitute criminal conduct under 17 U.S.C. § 506(a)." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 39 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1992). In this case, Plaintiff

---

*(cont'd from previous page)*
    all of the RICO statute's subsections by committing a dozen-and-a-half unspecified predicate acts. This scattershot approach cannot satisfy the pleading standards of *Twombly* and *Phillips*.

alleges no conduct that could support even a claim for civil copyright infringement. "To withstand a motion to dismiss, a complaint based on copyright infringement must allege: (1) which original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) 'by what acts during what time' the defendant infringed the copyright." *Carell v. Shubert Org, Inc.*, 104 F. Supp. 2d 236, 250 (S.D.N.Y. 2000) (citations omitted). Here, Plaintiff has failed to identify what the "original works are," other than an oblique reference to "inventions" that allegedly were made by Plaintiff and by "other inventors."[3] (D.I. 49 at 10.) In addition, Plaintiff does not allege that she has any copyrights that have been registered, let alone what specific copyrights are allegedly infringed by JPMC. Thus, even if the Court were to consider an unpleaded RICO cause of action based on a predicate act of copyright infringement,[4] it would fall far short of the pleading standards necessary to survive a motion to dismiss. *See, e.g.*, *Palatkevich v. Choupak*, Nos. 12 Civ. 1681(CM), 12 Civ. 1682(CM), 2014 WL 1509236, at *17-18 (S.D.N.Y. Jan. 24, 2014).

---

[3] Although she invokes "Leader Technologies" and "other inventors," who may have some unidentified copyrights in this field, Plaintiff has no standing to bring civil RICO claims based on injuries it allegedly suffered from the infringement of copyrights belonging to third parties. *See Perfect 10, Inc. v. CCBill, LLC*, 340 F. Supp. 2d 1077, 1106 (C.D. Cal. 2004), *aff'd in part*, *rev'd in part* 481 F.3d 751 (9th Cir. 2007).

[4] Courts that have examined the legislative history surrounding the addition of copyright infringement to the list of RICO predicate acts have held that Congress did not intend to "expand RICO liability to all knowing copyright infringement." *Stewart v. Wachowski*, No. CV 03–2873 MMM (VBK), 2005 WL 6184235, at *6 (C.D. Cal. June 14, 2005). The *Stewart* Court found "no published case in which § 2319 has been used to prosecute infringing activity other than piracy and counterfeiting." *Id.* As Plaintiff herself contends, JPMC is an arms-length purchaser of the commercially available WebSphere product, and thus there would be no basis, even in a further amended pleading, to accuse JPMC of "piracy and counterfeiting."

Similarly deficient is Plaintiff's off-handed reference to an unpleaded claim for "theft of trade secrets." (D.I. 49 at 10.) As an initial matter, there is a basic inconsistency in Plaintiff's invocation of trade secret law. Plaintiff contends that her inventions, which in her view are the "fundamental technology underlying Web applications displayed on a Web browser," have *already been disclosed publicly* in U.S. Patent No. 7,340,506. (Am. Compl. at ¶ 2.) Taking that allegation as true, which the Court must do in the context of a motion to dismiss, then there is no way that this same alleged invention could also be the basis for a predicate RICO act of trade secret theft. *Foster v. Pitney Bowes Corp.*, No. Civ.A 11-7303, 2013 WL 487196, at *6 (E.D. Pa. Feb. 8, 2013) (noting that "because by definition a patent and a published patent application are matters of public record, the legal protection of trade secrets and patents **are mutually exclusive**" (emphasis added)).

Moreover, Plaintiff has not even attempted to plead any facts that would place JPMC on notice of the basis for a RICO claim predicated on trade secret theft. In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead facts beyond an "'unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Given the complete absence of allegations relating to any unpleaded, trade-secret-based RICO claim, Plaintiff's statements relating to trade secrecy likewise offer no basis to avoid dismissal of the Amended Complaint.

## II. PLAINTIFF'S NEW EXHIBITS ONLY CONFIRM THAT PLAINTIFF HAS NOT ALLEGED A COGNIZABLE CLAIM UNDER SECTION 1962(B) AGAINST JPMC.

### A. JPMC Is Not Even Mentioned In The Newly Cited Documents.

Plaintiff attempts to cure the deficiencies in the Amended Complaint by presenting several new exhibits relating to the Eclipse Foundation. (*See* D.I. 49, Exs. Laks-1 through Laks-

6

8.) As an initial matter, it is not appropriate for the Court to consider those documents. Matters extraneous to the pleading should not be considered in the context of a motion to dismiss under Rule 12(b)(6), which must generally depend on the allegations made within the four corners of the complaint and documents necessarily relied upon or incorporated into that pleading. *See Standard Investment Chartered Inc. v. NASD*, 621 F. Supp. 2d 55, 66 (S.D.N.Y. 2007); *accord Johnson v. Riverwalk Holdings, Ltd.*, No. 12-CV-00427-WYD-GJR, 2012 WL 6012745, at *2 (D. Colo. Nov. 30, 2012) (noting that reliance on "extraneous materials to cobble together a claim that survives a Rule 12(b)(6) motion to dismiss" only confirms that the original pleading is deficient).[5] But even if the Court were to consider those materials, they demonstrate only that JPMC is not involved in the key facts that Plaintiff believes are relevant to her claims.

Plaintiff's response brief includes a number of excerpts relating to the Eclipse Foundation, including IBM's annual report, the Eclipse Common Public License, and the Minutes from a 2002 Eclipse Foundation meeting. (D.I. 49 at 2-4.) Although Plaintiff highlights several references to "IBM" in these documents, none of the excerpts mention JPMC. Indeed, JPMC is *never mentioned even a single time* in the 219 pages of extraneous materials that Plaintiff attached to her response brief. (*See* D.I. 49, Exs. Laks-1 through Laks-8.)

### B. By Plaintiff's Own Admission, JPMC Is Just A Customer Of The Sole Product-At-Issue.

In JPMC's opening brief, JPMC noted that the Amended Complaint "does not allege that JPMC has any direct interest in or control of the Eclipse Foundation," but rather alleges that JPMC "has been served by those who are alleged to have a direct interest in or control of the Eclipse Foundation." (D.I. 22 at 8.) In her response brief, Plaintiff does nothing to support the

---

[5] Further underscoring the inadequacy of Plaintiff's Amended Complaint is the fact that she never once cites that pleading in her response brief.

contention that JPMC should be liable under Section 1962(b) based on its "management and control" of the Eclipse Foundation (the lone alleged RICO enterprise) – if anything, her response brief does precisely the opposite. Plaintiff repeatedly refers to JPMC not as a party who is in control of the Eclipse Foundation, but rather as an entity that is in an arms-length, commercial relationship with IBM. (*See, e.g.*, D.I. 49 at 15 (contending that "JPMorgan is IBM's customer of IBM's Web application products, tools and services"); *id.* at 16 (referring to JPMC as "an IBM customer").) Plaintiff further cites numerous actions relating to Eclipse Foundation code that IBM or SAP allegedly undertook, but never once does Plaintiff accuse JPMC of performing those actions, directing or controlling those actions, or even being aware of those actions. (*See, e.g.*, D.I. 49 at 8.)

Finally, the meeting minutes that Plaintiff attaches as exhibits to her brief further corroborate JPMC's lack of participation in the Eclipse Foundation. Numerous individuals and companies participated in the Eclipse Foundation meetings (including representatives from Intel, Hitachi, Hewlett-Packard, and Oracle), but JPMC is conspicuously absent from all of the meetings that Plaintiff references in her response brief. (*See, e.g.*, D.I. 49, Laks-2 at 11-12.) Plaintiff therefore has done nothing to refute the points from JPMC's opening brief – indeed, she has instead demonstrated JPMC's *lack* of management or control over the only alleged RICO enterprise.

Plaintiff notes that JPMC provided a line of credit to IBM in 2004. (*See, e.g.*, D.I. 49 at 12.) That unremarkable fact is hardly evidence of racketeering, and cannot amount to "managing and operating the affairs of The IBM Eclipse Foundation." (D.I. 49 at 2.) On the contrary, this is the heart of what JPMC does – it is a bank that loans money to businesses. Courts have repeatedly rejected RICO claims that seek to impose liabilities on financial institutions that have

8

acted in this way. *See, e.g.*, *Jubelirer v. Mastercard Int'l, Inc.*, 68 F. Supp. 2d 1049, 1052-54 (W.D. Wis. 1999) (dismissing a RICO claim against credit card companies who allegedly supported an online gambling operation and determining that a RICO enterprise "must be more than a routine contractual combination for the provision of financial services"); *Gomez v. Guthy-Renker, LLC*, Case No. EDCV 14-01425 JGB (KKx), 2015 WL 4270042, at *9 (C.D. Cal. July 13, 2015) (highlighting the "widespread consensus among courts that . . . routine business relationships are insufficient to impose RICO liability"). Thus, even if Plaintiff's allegations regarding JPMC's financial involvement are true, they cannot form the basis for a RICO complaint.

### III. CONCLUSION

Plaintiff accuses JPMC of: (a) loaning money to IBM; (b) purchasing a commercially available product from IBM; and (c) infringing her patents. Although Plaintiff tried to expand her allegations in her response brief by asserting new theories and legal bases for relief, all of those new, unpleaded contentions are likewise inadequate to satisfy the statutory requirements for a RICO claim. Because there is no set of facts relating to JPMC that Plaintiff could plead that give rise to such liability, and for all the other reasons set forth in JPMC's opening brief, her Amended Complaint should be dismissed with prejudice.

| | |
|---|---|
| OF COUNSEL:<br><br>Douglas R. Nemec<br>Edward L. Tulin<br>Andrew D. Gish<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>Four Times Square<br>New York, New York  10036<br>(212) 735-3000<br>douglas.nemec@skadden.com<br>edward.tulin@skadden.com<br>andrew.gish@skadden.com<br><br>DATED:  August 22, 2016 | Respectfully submitted,<br><br>*/s/ Robert S. Saunders*<br>Robert S. Saunders (ID No. 3027)<br>Jessica R. Kunz (ID No. 5698)<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>920 N. King Street, 7th Floor<br>Wilmington, Delaware  19801<br>(302) 651-3000<br>rob.saunders@skadden.com<br>jessica.kunz@skadden.com<br><br>*Attorneys for Defendant JPMorgan Chase & Co.* |