IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DR. LAKSHMI ARUNACHALAM, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 16-281-RGA |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, et al., | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

At Wilmington this 26th day of September, 2016:

IT IS HEREBY ORDERED that Plaintiff's Motion to Recuse (D.I. 62) ("Recusal Motion") is DENIED, the government's Motion to Dismiss (D.I. 33) ("Dismissal Motion") is GRANTED, and Judge Andrews is DISMISSED as a Defendant, for the reasons stated below.

1. At the request of Judge Andrews, on September 12, 2016, the government's Dismissal Motion, which relates to Plaintiff's claims against Judge Andrews, was reassigned to the undersigned judge. (D.I. 61; *see also* D.I. 51, 53)

2. On September 13, 2016, Plaintiff filed the Recusal Motion, seeking to recuse the undersigned judge. (D.I. 62)

3. On September 16, 2016, Defendant JPMorgan Chase & Co. filed an opposition to Plaintiff's motion to recuse. (D.I. 67)

4. On September 23, 2016, Plaintiff filed a reply brief in support of her Recusal Motion (D.I. 70), as well as a Declaration in Support of Plaintiff's Reply Brief attaching lengthy

documents.

5. The Recusal Motion lacks merit.

a. Plaintiff first asserts the undersigned judge is disqualified because he "was the Settlement Judge between Dr. Arunachalam, her company and Dell in 2009-2011." (D.I. 62 at 1) It appears that Plaintiff is referring to the undersigned judge's efforts, as a magistrate judge, to help resolve then-pending patent infringement cases brought by WebXchange. *See* C.A. Nos. 08-131, 08-132, 08-133 ("WebXchange Cases"). However, just as a judge is not obligated to recuse from a case in which he has mediated that very case, *see, e.g., Blackmon v. Eaton Corp.*, 587 F. App'x 925, 934 (6th Cir. Oct. 16, 2014); *SEC v. ING USA Annuity & Life Ins. Co.*, 360 F. App'x 826, 828 (9th Cir. Dec. 29, 2009), a judge is also not obligated to recuse from a case whose only apparent relation to cases he mediated is that Plaintiff here had an interest in the company that was the plaintiff in the earlier case. This is all the more true here as the instant *case* is not being assigned to the undersigned judge, but instead *only a single motion* – posing a discrete legal issue, having nothing to do with the Webxchange Cases – has been reassigned.

b. Plaintiff next asserts recusal is required because the undersigned judge previously "worked at Skadden Arps, which is disqualified from representing JPMorgan Chase and Company." (D.I. 62 at 1) She cites no authority requiring a judge to recuse himself whenever a law firm with which he was formerly associated appears in a case. Additionally, as JPMorgan Chase & Co. notes in its opposition, Skadden Arps is not disqualified from representing it. (*See* D.I. 67 at 3 n.1)

c. Finally, Plaintiff asserts that the undersigned judge must recuse because "[h]e has financial holdings in one or more of the Defendants and members of The IBM Eclipse

2

Foundation, as per his Annual Financial Disclosure Statements." (D.I. 62 at 2) This contention is false. The undersigned judge does not own any stock in any of the Defendants or "members of the IBM Eclipse Foundation." As shown by Plaintiff's previous filing of similar motions in other cases, the undersigned judge owns no shares of stock, and only owns shares of widely-held mutual funds and holds ordinary bank accounts. (*See* C.A. No. 12-282 D.I. 211 at 17-18; *see also* D.I. 67 at 2-3 (describing particular mutual funds)) These are not disqualifying financial interests. *See* 28 U.S.C. § 455(d)(4)(i) ("Ownership in a mutual or common investment fund that holds securities is not a 'financial interest' in such securities unless the judge participates in the management of the fund."); *Pi-Net Int'l Inc. v. Citizens Fin. Grp., Inc.*, 2015 WL 1283196, at *4 (D. Del. Mar. 18, 2015) ("I do not participate in the management of the mutual funds in which I have investments. I therefore am not required to recuse myself just because a mutual fund in which I own shares has stock holdings that would necessitate recusal if I held the stock directly."); *see also Rader v. ING Bank, FSB*, 2011 WL 4571780, at *7 (D. Del. Sept. 30, 2011) ("Holding a deposit account with a bank does not constitute a disqualifying financial interest.") (citing authorities).

        d.    The undersigned judge has no recollection of Plaintiff or the mediation that evidently occurred, has no current knowledge of any confidential information that may have been shared with him years ago, and is not biased against Plaintiff. *See* 28 U.S.C. § 455(b)(1) (requiring judge to recuse "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding"). Nor, under any of the circumstances alleged by Plaintiff, could a reasonable observer question the undersigned judge's impartiality to decide a motion that requires the Court solely to decide if claims against

3

Judge Andrews must be dismissed due to judicial immunity. *See* 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.").

6. The Dismissal Motion must be granted. Following assignment of the case to Judge Andrews, Plaintiff filed a first amended complaint (D.I. 6) that added Judge Andrews as a defendant. Count II of the first amended complaint is brought pursuant to the Racketeer Influenced and Corrupt Organizations' civil remedy provision, 18 U.S.C. § 1964(c) ("RICO"), and claims that Judge Andrews has committed RICO violations, including conspiracy. Not only are the allegations raised against Judge Andrews conclusory, they also speak to actions taken by him in the performance of his judicial duties, including rulings he made in numerous cases Plaintiff has filed in this Court either in her own name or in the names of her company. (*See* D.I. 6 at Ex. D3)

7. The first amended complaint seeks relief barred by the well-established doctrine of judicial immunity. Judges acting in their judicial capacity are absolutely immune, in both their individual and official capacities, from suit for monetary damages under the doctrine of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Forrester v. White*, 484 U.S. 219, 227 (1988). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citation omitted). In addition, judicial immunity attaches even if the act was done in furtherance of a conspiracy. *See Dennis v. Sparks*, 449 U.S. 24, 26-27 (1980); *see also Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. Nov. 27, 2012).

8. The allegations in the first amended complaint, and the relief sought therein, relate to actions taken by Judge Andrews in his capacity as a judge. In addition, the first amended complaint relies upon bald conclusory allegations, and does not show that Judge Andrews' actions were taken in clear absence of his jurisdiction. *See Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). The claims against Judge Andrews are barred by the doctrine of absolute judicial immunity and he is dismissed as a defendant.

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT