Dr. Lakshmi Arunachalam
222 Stanford Avenue
Menlo Park, CA 94025
Telephone: (650) 690-0995
Facsimile:  (650) 854-3393
Email: laks22002@yahoo.com
*Pro Se Plaintiff*
*Dr. Lakshmi Arunachalam*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **DR. LAKSHMI ARUNACHALAM,** | |
| **Plaintiff,** | **C.A. No. 1:16-cv-281-RGA** |
| v. | |
| **INTERNATIONAL BUSINESS MACHINES CORPORATION, SAP AMERICA, INC., J.P. MORGAN CHASE AND COMPANY, HON. RICHARD G. ANDREWS, AND DOES 1-100,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

**PLAINTIFF'S EMERGENCY APPLICATION FOR FRCP 54(b)
CERTIFICATION OF FINAL JUDGMENT IN JUDGE STARK'S ORDER D.I. 72
DISMISSING HON. JUDGE ANDREWS AS A DEFENDANT,  AS REQUESTED BY U.S.
COURT OF APPEALS FOR THIRD CIRCUIT AS PER LEGAL DIVISION LETTER
SENT 10/20/16  IN CASE NO. 16-3765**

*Pro Se* Plaintiff Dr. Lakshmi Arunachalam (hereafter "Dr. Arunachalam") respectfully

files this Emergency Application for FRCP 54(b) Certification of Final Judgment in Judge

Stark's Order D.I. 72 dismissing Hon. Judge Andrews as a Defendant, as requested by the U.S.

Court of Appeals for the Third Circuit ("Third Circuit") in its Legal Division Letter sent October

20, 2016 in Case No. 16-3765.  Good cause exists and the Application should be granted

immediately, as the Third Circuit is threatening to dismiss the Appeal by November 3, 2016

"unless the District Court directs the entry of a final judgment as to the claim(s) or party(ies) under FRCP 54(b)."

FRCP 54(b), which provides for certification of some claims against all parties or all claims against some parties in a lawsuit as final for purposes of appeal, states in relevant part: "…the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

In deciding whether to issue a Rule 54(b) certification, a trial court must engage in a three-step process: first, it must determine that the decision to be certified is a ruling upon an entire 'claim for relief'; next, it must conclude that the decision is final in the sense of an ultimate disposition of an individual claim; finally, the trial court must determine whether there is just reason for delay in entry of a final judgment on the claim.

The decision to be certified, namely, Judge Stark's Order to dismiss Judge Andrews as a Defendant, meets all three of the aforementioned steps. In addition, the Court has already removed Judge Andrews as Defendant in this case and has been already implemented as a final judgment, even without the called for FRCP 54(b) Certification. " There is no just reason for delay in entry of a final judgment on the said claim, because Judge Andrews is the presiding judge on this case against IBM, SAP and JPMorgan et al. and indeed the Court has already executed the judgment and this final judgment is entirely appealable to the court of appeals as a matter of right [28 USC §[1292[a]]. Judge Stark's decision in D.I. 72 has provided its certification already, and it is accompanied by a reasoned, even if brief, explanation of its conclusion, in that Order D.I. 72, as required. "With the interest of sound judicial administration as the goal, only those claims "inherently inseparable" from or "inextricably interrelated" to each

other are inappropriate for rule 54[b] certification. When the claims are "separable" or "extricable" from each other, there is generally no reason to disturb the district court's exercise of its discretion. *Ginett*, 962 F2d at 1096; see, e.g., *Hudson River Sloop Clearwater*, 891 F2d at 418 [concluding that the certification of a judgment on certain claims was proper where the claims "involve a unique factual scenario ... and raise legal issues wholly distinct from those that remain for trial" and "any subsequent appeals on the remaining claims ... will involve questions of fact and law entirely distinct" from those at stake in the certified claims." *See* 2004 WL 2291496, *1-*2 [SDNY]. This is the situation here in this instant case.

When weighing whether to grant Rule 54(b) certification, appellate courts "have treated such a possibility [that the appeal becomes moot] as a major negative." *Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 45 (1st Cir. 1988). Additionally, "[c]ertification generally is inappropriate when further proceedings might moot the issues involved." *Fox*, 201 F.3d at 531. "Such a possibility that the appeal becomes moot" does not exist in the instant case. Certification therefore is not inappropriate when further proceedings will not moot the issues involved. There is no just reason to delay any appeal of the dismissal of Hon. Judge Andrews as a Defendant until the rest of the case has been fully resolved and furthermore because Judge Andrews is the presiding judge in this case against IBM, SAP and JPMorgan et al.

**The Three Elements for 54(b) Certification are Satisfied in this Case.**

The Second Circuit has articulated that, for a proper entry of partial "final" judgment under FRCP 54(b), the following three requirements must be met:

1.) Multiple claims or multiple parties must be present;

2.) At least one claim, or the rights and liabilities of at least one party, must be finally decided; and

3.) The district court must make an express determination that there is    no just reason for delay and expressly direct the clerk to enter judgment.

See *Info. Resources, Inc. v. Dun and Bradstreet Corp.*, 294 F.3d 447 (2d. Cir. 2002.)

All three elements are met here.

### 1. Multiple Claims / Parties.

As to the first element, this is a case involving multiple claims and multiple party defendants. The Southern District of New York has stated that: "Rule 54(b) permits entry of a final judgment where the action has not been disposed of with respect to all of the claims and all of the parties, upon a determination that 'there is no just reason for delay and upon an express direction for the entry of judgment." See *Evans v. Port Authority of New York and New Jersey*, 2002 WL 226407 (S.D.N.Y. 2002.) Accordingly, the first element has been satisfied.

### 2. Finality.

As to the second element, this Court disposed of all claims against Hon. Judge Andrews by way of the absolute immunity Ruling of Judge Stark in his Order D.I. 72. On the issue of "finality", "the court's disposition of a claim is final if it 'ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment' entered on that claim." See *D'Jamoos v. Griffith*, 368 F.Supp.2d 200 (E.D.N.Y. 2005.) Moreover, the federal courts have stated that: "[a]s an initial matter, this Court's order granting ... judgment in favor of defendant is a final order for purposes of Rule 54(b). See D'Jamoos v. Griffith, 368 F.Supp.2d 200 (E.D.N.Y. 2005.)." Because all of the claims against Judge Andrews have been dismissed in D.I. 72 by Judge Stark, this Motion constitutes a "final order for purposes of Rule 54(b)." Accordingly, the second element has been satisfied.

3. **No "Just Reason" for Delay.**

As to the third element, Judge Stark essentially submits that there is no "just reason" to delay a "final" judgment as to Judge Andrews only and the anticipated appeal of the recent Judge Stark Ruling. The federal courts have articulated that: "the district court must 'expressly determine that there is no just reason' to delay appellate review." See *General Acquisition, Inc. v. Gencorp, Inc.* 23 F.3d 1022, 1026 (1994) citing Fed.R.Civ.P. 54(b);  See also *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992). In this matter, there is no just reason to delay the final judgment, as Judge Andrews presides over the rest of the case. Thus, the clock should start running now on the appeal of the Stark Ruling. As Plaintiff has chosen to appeal the Stark Ruling, and the trial on the remaining case may come after the Plaintiff's appeal is concluded. As all claims against Judge Andrews have been dismissed, Plaintiff should not have to wait for a judgment on the entire case. Plaintiff should not have to wait for a final judgment on the entire case, which may not be entered for many months, where any appeal would not be heard until sometime next year. Accordingly, the third element has been met.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court must grant the FRCP 54(b) Certification of final judgment in Hon. Judge Stark's Order, D.I. 72, dismissing Hon. Judge Andrews as a Defendant, as requested by the Third Circuit immediately without any delay, as the Third Circuit is threatening to dismiss the Appeal "unless the District Court directs the entry of a final judgment as to the claim(s) or party(ies) under FRCP 54(b)." A Certificate of Service is attached.

Dated: November 1, 2016            Respectfully submitted,

                                   *Lakshmi Arunachalam*

222 Stanford Ave, Menlo Park, CA 94025
Tel: 650 690 0995                  *Pro Se* Plaintiff
laks22002@yahoo.com                Dr. Lakshmi Arunachalam

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DR. LAKSHMI ARUNACHALAM,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, SAP AMERICA, INC., J.P. MORGAN CHASE AND COMPANY, HON. RICHARD G. ANDREWS, AND DOES 1-100,<br><br>Defendants. | C.A. No. <u>1:16-cv-281-RGA</u><br><br><br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Dr. Lakshmi Arunachalam, hereby certify that on November 1, 2016, I filed an original and two copies of the attached "PLAINTIFF'S EMERGENCY APPLICATION FOR FRCP 54(b) CERTIFICATION OF FINAL JUDGMENT IN JUDGE STARK'S ORDER D.I. 72 DISMISSING HON. JUDGE ANDREWS AS A DEFENDANT,  AS REQUESTED BY U.S. COURT OF APPEALS FOR <u>THIRD CIRCUIT AS PER LEGAL DIVISION LETTER SENT 10/20/16  IN CASE NO. 16-3765</u>,"with the Clerk of the Delaware District Court   for filing and docketing in this case on this 1st day of November, 2016, by sending it to Parcels, Inc. in Wilmington, DE  to deliver it on the morning of November 1, 2016 for filing and docketing in this case to: the Clerk of the Court, U.S. District Court  for the District of Delaware, 844 N. King Street, Unit 18, Wilmington, DE 19801. I also sent a Chambers' copy to Hon. Judge Stark of the same.

I also certify that I sent the same to Parcels Inc. on the same day to serve Defendant Hon. Richard G. Andrews at the same address as above. I also certify that I sent the same to all counsel of record for all Defendants via email and/or First Class U.S. Mail on November 1, 2016.

*Lakshmi Arunachalam*

DATED: November 1, 2016

Dr. Lakshmi Arunachalam
222 Stanford Avenue
Menlo Park, CA 94025
650 690 0995
laks22002@yahoo.com