IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| DR. LAKSHMI ARUNACHALAM, | : | |
|---|---|---|
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 16-281-RGA |
| | : | |
| INTERNATIONAL BUSINESS | : | |
| MACHINES CORPORATION, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

Plaintiff filed a complaint against IBM for patent infringement and racketeering on April

20, 2016. (D.I. 1). Shortly thereafter, Plaintiff filed a first amended complaint (D.I. 6), naming

as defendants, IBM, SAP, J.P. MorganChase, myself, and 100 Does. I was dismissed as a

defendant on September 26, 2016. (D.I. 72). The other three named defendants have filed

motions to dismiss (D.I. 17 (SAP); 21 (J.P. MorganChase); 28 (IBM)). The motions have been

fully briefed. I now address those motions.

The first amended complaint alleges four counts: Count 1, infringement by IBM of U.S.

Patent No. 7,340,506 ("the '506 patent"); Count 2, civil racketeering by IBM, SAP, and J.P.

MorganChase in violation of 18 U.S.C. § 1962(b); Count 3, civil racketeering by IBM, SAP, and

J.P. MorganChase in violation of 18 U.S.C. § 1962(c); and Count 4, conspiracy to engage in

racketeering by IBM, SAP, and J.P. MorganChase, in violation of 18 U.S.C. § 1962(d).

All three motions move to dismiss the racketeering-related charges of Counts 2 through

-1-

4.[1]

Plaintiff proceeds *pro se* and, therefore, her pleadings are liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common

---

[1] IBM has not moved to dismiss the patent infringement claim. (D.I. 29, p.1 n.1).

sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

When alleging fraud, Federal Rule of Civil Procedure 9(b) requires that the "party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). On a motion to dismiss under Rule 9(b) "focusing exclusively on [the rule's] particularity language is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984) (internal quotation marks omitted). The Third Circuit has held that:

> Rule 9(b) requires plaintiffs to plead with particularity the "circumstances" of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior. It is certainly true that allegations of "date, place or time" fulfill these functions, but nothing in the rule requires them. Plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud.

*Id.*

An overview of the well-pled factual allegations in the amended complaint shows that it alleges that: (1) Plaintiff invented the '506 patent, and Defendant IBM infringes it; and (2) the '506 patent underwent *inter-partes* reexamination, and emerged unscathed in 2014. That is it. The amended complaint does state that it attached various exhibits (described as Exhibits A2, C1, D1, D2 and L) which constitute predicate acts for the racketeering claims. Exhibit A2 (D.I. 6 at 30-40) reads like a brief arguing for the validity of the '506 patent. It does not allege anything resembling a factual statement of a racketeering predicate act. Exhibit C1 (*id.* at 41-58) mostly reads like a brief on a number of topics. There are some factual statements contained

-3-

within it. *E.g.*, SAP and J.P. MorganChase are members of the IBM Eclipse Foundation, which distributes Eclipse code. Plaintiff and others provided the underlying code. IBM signed non-disclosure agreements with IBM in 1995, 2001, and 2003; negotiated with Plaintiff on a joint venture in 1994, 2001, and 2011; provided Plaintiff office space in 1994 and 2003; offered to buy her patent portfolio in 2006; and copied her source code. Other allegations tend to recast her court defeats as a massive conspiracy among district judges, courts of appeals judges, Supreme Court Justices, lawyers and law firms, and PTAB judges. Exhibit D1 (*id*. at 59) incorporates Exhibits A2, C1, D2 and D3. Exhibit D2 (*id*. at 60) refers to three documents that can be found on the eclipse.org website, which are from 2002 and 2004.[2] Exhibit D3 (*id*. at 61-80) describes various of my rulings and occasionally intersperses snippets of information about the rulings of other judges and about the Eclipse Foundation. There does not appear to be an Exhibit L.

As a preliminary note, and even recognizing that Plaintiff proceeds *pro se*, the only factual allegations in the twenty-seven pages of the amended complaint against SAP and J.P. MorganChase concern why the Court has personal jurisdiction over them (D.I. 6 at ¶¶ 5, 6, 14, 16), that they "are using Plaintiff's patented Web applications on a Web browser[, which] is mission critical to how [they] conduct their business and operations today on the Web," (*id*. at ¶ 8), and that they have not licensed the '506 patent. (*Id*. at ¶ 21). This would be insufficient if they were accused of patent infringement. It surely makes out no other cognizable violation of the law. I do not think Plaintiff can make out racketeering claims simply by appending about 60 pages of exhibits containing mostly irrelevant information and providing a citation to where other

---

[2] The website states that, "Eclipse has over 250 different open source projects. Many know our Java IDE but we also have modeling tools, runtimes, reporting tools and much more."

-4-

materials can be found and purporting to incorporate them all by reference. (*See id.* at ¶ 91). The complaint is supposed to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint is not short, it is not plain, and it provides no basis for seeking relief against SAP and J.P. MorganChase. Thus, for that reason alone, Defendants SAP and J.P. MorganChase will be dismissed. Needless to say, the reasons that follow relating to IBM do also apply to SAP and J.P. MorganChase.

I will review the relevant elements of the claims for Counts 2, 3, and 4.

The elements of a § 1962(b) violation are: (1) Defendant is a person who through a pattern of racketeering activity acquired or maintained any interest or control of an enterprise; (2) Defendant's interest or control in the enterprise was associated with or connected to the pattern of racketeering activity; (3) the enterprise was engaged in, or the activities of the enterprise affected, interstate or foreign commerce; and (4) Plaintiff's business or property was injured by reason of defendant's acquisition or maintenance of the interest in, or control over, the enterprise. O'Malley, Federal Jury Practice and Instructions, § 161.21 (6th ed. 2013). The elements of a § 1962(c) violation are: (1) The existence of an enterprise affecting interstate commerce; (2) Defendant was employed by or associated with the enterprise; (3) Defendant conducted or participated in the conduct of the enterprise's affairs; (4) Defendant's participation was through a pattern of racketeering activity; and (5) Plaintiff's business or property was injured by reason of defendant's conducting or participating in the conduct of the enterprise's affairs. *Id.*, § 161.22. The elements of a § 1962(d) violation are: (1) Defendant is a person who conspired to violate §§ 1962(b) or (c); (2) Defendant understood the nature or unlawful character of the conspiratorial plan; (3) Defendant agreed to join with others to achieve the objective of the conspiracy during

the relevant period; (4) Defendant agreed that the enterprise would be conducted through a pattern of racketeering activity. This means that the commission of at least two predicate crimes by the conspiracy was contemplated. Id., § 161.23.

Patent infringement is not a crime. Patent infringement thus is not on the extensive list of crimes that can be a racketeering act. *See* 18 U.S.C. § 1961(1). Plaintiff's brief (D.I. 50, p. 10) has a laundry list of federal crimes in which "Defendants engaged egregiously," but Plaintiff's amended complaint makes no plausible factual allegations to support any of them. The closest Plaintiff comes, so far as I can see, is the brief reference that "[t]he IBM Eclipse Foundation installed the Eclipse code at JPMorgan . . . using Eclipse code that includes [Plaintiff's] patented inventions and technology." (D.I. 6 at 48). Elsewhere, Plaintiff alleges that "IBM copied [Plaintiff's] inventions." Copying patented inventions is not a federal crime. It is also not the same thing as theft of trade secrets, which is one of the federal crimes Plaintiff's amended complaint mentions.

Patent infringement suits are the proper remedy for patent infringement. That is what Plaintiff has filed in Count 1. She describes the pattern of racketeering activity as "cluster[ing] around patent infringement, trafficking in certain goods bearing counterfeit marks, tampering with a Federal Witness, interstate transportation of stolen property and obstruction of justice." (*Id.* at 2). Plaintiff alleges no facts about goods bearing counterfeit marks. There is a reference to a witness in a federal case, but no factual allegation that suggests tampering. A product that infringes a patent is not "stolen property" within the meaning of any federal criminal statute. Plaintiff's allegations of obstruction of justice are not plausible. The facts alleged in support of the obstruction of justice consist of various judicial rulings. Pleading that judicial rulings were

-6-

erroneous, even egregiously erroneous, does not make them a plausible basis for alleging obstruction of justice.

There are no allegations of any racketeering activity, either actual or contemplated by agreement. Thus, I need not consider Defendants' numerous other arguments for dismissal. Counts 2 through 4 of the First Amended Complaint will be dismissed against all defendants.[3]

Rule 15(a)(2) requires that the Court "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident & Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990). However, "the pleading philosophy of the Rules counsels in favor of liberally permitting amendments to a complaint." *CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 629 (3d Cir.

___

[3] There are no allegations that implicate any of the Doe Defendants in any racketeering.

2013).

Normally, the Court permits a *pro se* litigant to amend a complaint for pleading deficiencies. I tend to believe that permitting amendment, in this case, would be futile. I strongly doubt that Plaintiff can plead any set of facts resembling what she has filed in the First Amended Complaint so as to state a viable claim of racketeering. But I think the better course is to allow Plaintiff a suitable amount of time to file a motion in compliance with D.Del. LR 15.1 seeking leave to amend, which amended complaint should address not only the deficiencies identified in this Memorandum but also those raised in the various Defendants' briefs. If such a motion is filed, Defendant(s) need not respond to the motion to amend unless and until the Court so orders. If such a motion is not filed, the case will be limited to Count 1.

Two of the three Defendants have requested sanctions. (D.I. 18, p. 14; D.I. 28, pp. 15-16). I think the better course is to defer any consideration of those requests. Defendants are free to renew the requests by separate motion after consideration of any motion to amend.

March 21, 2017

Richard G. Andrews

United States District Judge

-8-