IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DR. LAKSHMI ARUNACHALAM, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 16-281-RGA |
| | : | |
| INTERNATIONAL BUSINESS | : | |
| MACHINES CORPORATION, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

Defendant IBM filed a motion to dismiss or, in the alternative, to stay.[1] (D.I. 105). The parties filed briefs. (D.I. 106, 108, 109). Plaintiff filed a motion for leave to file a sur-reply (D.I. 110), which generated further briefing (D.I. 112, 113). Plaintiff filed a motion "for this court to give a statement of decision on whether contract law applies to patents." (D.I. 114).

The only pending claim in the case is one of patent infringement based on the assertion of U.S. Patent No. 7,340,506 ("the '506 patent"). Defendant's motion to dismiss is based on the fact that on December 21, 2017, the Patent Trial and Appeal Board ("PTAB") in a Final Written Decision in Case CBM2016-00081 found claims 20 and 21 of the '506 patent to be unpatentable, and denied a motion to amend to add proposed new claims 22-49. (D.I. 107-1, p.58). Claims 1-19 had been cancelled earlier. (D.I. 1 at 113-14 ("Inter Partes Reexamination Certificate dated October 15, 2014)). Thus, the PTAB decision meant there are no valid claims in the '506 patent to assert.

---

[1] Defendant later withdrew the alternative motion. (D.I. 109, p.1 n.1).

When Defendant filed its motion, it was uncertain whether Plaintiff had appealed from the Final Written Decision. (D.I. 106, p.2). Plaintiff's Answering Brief conceded that Plaintiff had not appealed, explaining that she did not "need" to appeal from "*ultra vires* unconstitutional and hence void" decisions. (D.I. 108, p.3). I have independently checked the docket for cases filed by Plaintiff (using her own name, WebXchange, or Pi-Net), and, as of May 22, 2018, the most recent opening date for any appeal is listed as October 17, 2017, and the most recent opening date for any appeal from the USPTO is in 2016. Thus, she has not appealed from the PTAB decision, and it is now final.

I do not know whether a certificate of cancellation has issued or not, but I do not think I need to wait for formal cancellation inasmuch as there is a final decision from the PTAB invalidating all remaining claims of the patent.

Thus, I will grant the motion to dismiss. Since IBM cannot infringe an invalid patent, the dismissal will be with prejudice.

The motion for leave to file a sur-reply will be dismissed as moot.

The motion for an opinion on the applicability of contract law to patents will be denied. I take it is essentially a request that I find the PTAB system allowing for the invalidation of issued patents to be unconstitutional. It is premised on the idea that the PTAB cannot invalidate a patent in light of *Fletcher v. Peck*, 10 U.S. (6 Cranch) 87 (1810). As I understand that case, it involves an interpretation of the constitutional prohibition set forth in Article I, Section 10, which says, "No State shall . . . pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts." The Court of Appeals, in different circumstances, has characterized *Fletcher* as, "Georgia law that retroactively terminated a right to property constituted an ex post facto violation." *Guangdong Wireking Housewares & Hardware Co. v.*

*United States*, 745 F.3d 1194, 1202 (Fed. Cir. 2014). That case further notes the difficulty in finding ex post facto violations in non-criminal statutes. The AIA's procedures for review of issued patents is plainly a civil regulatory scheme. Considering the "specific objectives and effects" of the AIA's procedures, *see id.* at 1204, the seven factors for conducting an ex post facto inquiry overwhelmingly suggest that there is no violation of the ex post facto clause here. As to the impairment of the obligation of contracts, that constitutional provision does not apply to the United States. *Yankee Atomic Elec. Co. v. United States*, 112 F.3d 1569, 1577 (Fed. Cir. 1997). In short, I see no basis for declaring the CBM procedure to be unconstitutional.

Entered this **22** day of May 2018.

Richard G. Andrews

United States District Judge