IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DR. LAKSHMI ARUNACHALAM,<br><br>                          Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, SAP AMERICA, INC., JPMORGAN CHASE & CO., HON. RICHARD G. ANDREWS, AND DOES 1-100,<br><br>                          Defendants. | C.A. No. 1:16-cv-00281-RGA |

### REDACTED DECLARATION OF DOUGLAS R. NEMEC
### IN SUPPORT OF JPMC'S MOTION FOR ATTORNEYS' FEES

I, Douglas R. Nemec, hereby declare as follows:

1. I am a partner in the Intellectual Property Litigation Group of the New York office of Skadden, Arps, Slate, Meagher & Flom LLP, and lead counsel for Defendant JPMorgan Chase & Co. ("JPMC") in this action. Pursuant to the Court's order dated June 29, 2018, (D.I. 126), I submit this sworn declaration in support of JPMC's Motion for Attorneys' Fees.

2. I am directly responsible for all billing matters relating to this action, and the statements contained herein are based on my personal knowledge. If called as a witness, I could competently testify as to all matters discussed in this declaration.

3. I am admitted to practice in the State of New York, and have been admitted *pro hac vice* in this matter.

4. Attached as Exhibit A are invoices that relate to the above-captioned matter. Specifically, those invoices include an accounting of the work performed by attorneys and support staff at my law firm in connection with JPMC's motion to dismiss and JPMC's opposition to several other motions that were filed by the Plaintiff. I have removed any entries that relate to other cases that my firm was handling for JPMC at the time. The total amount outlined in the attached invoices is $61,225.60 for 111.7 hours of attorney and legal assistant time on this matter.

5. I have excluded administrative time devoted to docket management, case calendaring, and other administrative tasks that did not involve substantive legal work. I have also excluded any fees incurred in connection with JPMC's opposition to Plaintiff's motions for reconsideration. Because of Skadden's familiarity with the Plaintiff and the facts and circumstances of this case, Skadden was able to efficiently and cost-effectively represent JPMC in this action. The fees incurred in connection with this action are consistent with or lower than similar cases in my experience, owing to our representation of JPMC in prior matters and lean staffing. Thus, in my experience, the amount of time spent in connection with JPMC's defenses in this matter was reasonable and involved tasks that were necessary, particularly given that Plaintiff sought damages exceeding $1 billion in this lawsuit.

6. I was first admitted to practice in 1997. As lead counsel for JPMC, my role was to supervise all aspects of this case, including the strategy and content for motions and responses thereto, communications with JPMC, the Skadden team, counsel for JPMC's co-defendants, and Plaintiff. I was also counsel for JPMC in the prior suit that Plaintiff's company brought against JPMC (Case No. 12-282), and I currently serve as JPMC's counsel in the California Action that

is referenced in JPMC's motion. The total amount of my time for which JPMC seeks recovery of fees is ▇ hours at a rate of ▇ per hour, for a total of ▇.

7.   In addition to me, there were three Skadden associates who performed work on this matter: Edward L. Tulin, Andrew Gish, and Jessica R. Kunz.

8.   Edward L. Tulin is an associate in the Intellectual Property Litigation Group of Skadden's New York office, and had principal responsibility for drafting the motion to dismiss and other papers that were filed in this action. Mr. Tulin has been admitted to practice since 2007. Like me, Mr. Tulin served as counsel for JPMC in the 282 Action and serves as counsel in the California Action. The total amount of Mr. Tulin's time for which JPMC seeks recovery of fees is ▇ hours at a rate of ▇ per hour, for a total of ▇.

9.   Andrew Gish is an associate in Skadden's New York office, and was first admitted to practice in 2011. Mr. Gish performed research and other tasks to support the development of JPMC's arguments in its motion to dismiss and other papers. Mr. Gish served as counsel for JPMC in the 282 Action. The total amount of Mr. Gish's time for which JPMC seeks recovery of fees is ▇ hours at a rate of ▇ per hour, for a total of ▇.

10.  Jessica R. Kunz is an associate in the Litigation Group of Skadden's Wilmington office. Ms. Kunz was first admitted to practice in 2012. She acted as JPMC's local Delaware counsel, and also reviewed and contributed to JPMC's arguments and submissions to the Court. Ms. Kunz served as counsel for JPMC in the 282 Action. The total amount of Ms. Kunz's time for which JPMC seeks recovery of fees is ▇ at a rate of ▇ per hour, for a total of ▇.

11.  Professional services on behalf of JPMC in this matter were also performed by legal assistants Carolyn Kwiatkowski, Michael Flood, and Allen E. Read Jr. Ms. Kwiatkowski

was based in Skadden's Delaware office, while Messrs. Flood and Read were based in Skadden's New York office. Those legal assistants were responsible for reviewing and finalizing the submissions to this Court (including creating and revising tables of authority and contents, as well as cite-checking caselaw), and ensuring compliance with the local rules. The total amount of legal assistant time for which JPMC seeks recovery of fees is ▮▮▮, for a total of ▮▮▮.

12. I understand that the American Intellectual Property Law Association publishes a biennial Report of the Economic Survey. The most recent such Report was issued in 2017, and includes data for the year 2016 that courts have generally relied upon when evaluating the reasonableness of requested attorneys' fees. I have attached true and correct copies of excerpts from the Report hereto as Exhibit B.

13. Included in this Report is the average billing rate for non-IP work for firms of Skadden's size, which is $512 per hour. (*See* Ex. B at F-22.) In this case, JPMC is seeking $61,225.60 for ▮▮▮ hours of time, which is equal to ▮▮▮ per hour. That is very similar to the average rates observed in the marketplace. Moreover, third quartile of the average billing rate for non-IP work is $661. (*See id.*) All of the associate and legal assistant time for this case was billed at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ it is reasonable given my two decades of experiences with high stakes intellectual property cases, the amount sought by Plaintiff in her Complaint, and the proportionally low number of hours that I billed.

4

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: July 13, 2018                                                        /s/ Douglas R. Nemec
                                                                                    Douglas R. Nemec

953909-NYCSR06A - MSW