IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DR. LAKSHMI ARUNACHALAM,                    :
                                            :
                Plaintiff,                  :
                                            :
        v.                                  :        Civil Action No. 16-281-RGA
                                            :
INTERNATIONAL BUSINESS                      :
MACHINES CORPORATION, et al.,               :
                                            :
                Defendants.                 :


**MEMORANDUM**

The Court of Appeals for the Federal Circuit recently affirmed the dismissal of all claims

in this case. *Arunachalam v. IBM*, No. 18-2105 (decided Jan. 28, 2019). More recently, the

Court of Appeals denied Plaintiff's petition for mandamus relief in this case. *In re*

*Arunachalam*, No. 19-112 (decided March 27, 2019).

I now have various pending motions before me. Three of them (D.I. 131, 135, 136) are

for attorneys' fees and an injunction against Plaintiff filing "any further filings [against

JPMorgan] in the District of Delaware relating to the subject-matter of the above-captioned

action, including any new pleadings, absent leave of Court" (D.I. 135-1), and against Plaintiff

"directly or indirectly commencing litigation in the District of Delaware that in any way relates

to SAP [or IBM], its directors, officers, stockholders, custodians, employees, subsidiaries and/or

affiliates [etc.]" (D.I. 130-1; D.I. 136-1).

In terms of the pre-filing injunction, the Court of Appeals for the Third Circuit stated,

"This circuit has concluded that district courts may issue an injunction requiring a litigant who

has repeatedly filed complaints alleging claims that have already been fully litigated to receive

court approval before filing further complaints." *In re Packer Ave. Assocs.*, 884 F.2d 745, 747 (3d Cir. 1989). Such injunctions "should be narrowly tailored and rarely issued." *Id.* at 748. I do not think the SAP or IBM proposals are narrowly tailored, and I would deny them on that basis alone. More significantly, though, Plaintiff's vexatiousness in Delaware is, for the most part, not that she files complaints seeking to relitigate issues that she has already lost, but that she files repetitive and vexatious motions and appeals on issues that she has already lost. The instant case, for example, was filed nearly three years ago. At its core against IBM was an asserted patent, which, at the time, was presumed valid. She has not filed another case in Delaware since, and the last patent case she filed before that (in the corporate form of Pi-Net International) was nearly five years ago. Further, I believe the imposition of monetary sanctions might be as effective in discouraging improper behavior.

Thus, I am going to deny the pre-filing injunction part of the three motions.

IBM seeks attorneys' fees for two motions and a response it filed, under the Court's inherent authority. (D.I. 131 at 1). SAP seeks attorneys' fees for its briefing in relation to the motion to dismiss the racketeering claims. (D.I. 138 at 2). SAP says such fees should be ordered because Plaintiff violated court orders and has engaged in vexatious litigation. JPMorgan seeks its fees in defending this action, relying upon the Court's inherent authority. (D.I. 137 at 10-12).

Plaintiff filed one brief in response to these three motions and three other motions. (D.I. 145). It is not very helpful, as the main point it makes is that "[e]ach and every one of the Defendants [including Chief Judge Stark and me] committed multiple overt federal [criminal] offenses." (*Id.* at 5, 6-13, 16-17). Most of the rest of it is just a rehash of the arguments she has made before in this case, all of which have been previously addressed by me or by the Court of Appeals. Plaintiff's entire argument on the attorneys' fees issue in her Answering Brief is,

"Judge Andrews aided and abetted corporate infringers' violations of RICO statutes; defending, infringers in breach of public contract." (D.I. 145 at 17). In Plaintiff's Sur-reply Brief, she references her "(patently obvious and clearly and convincingly evidenced) RICO, patent infringement and other claims." (D.I. 153 at 6). She further states, "Continually repeating the meme 'vexatious' is not convincing and does not make it so. The epithet is used to hide their lack of substantive responses to unequivocally substantive evidence previously provided that proves the IBM Eclipse Foundation conspiracy and racketeering." (*Id.* at 8).

"It has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991) (internal quotation marks and brackets omitted). Therefore, courts are "vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Id.* The court's "power reaches both conduct before the court and that beyond the court's confines" as the underlying purpose of the Court's power is to stem "disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." *Id.* at 44 (internal brackets and quotation marks omitted). Furthermore, a court "may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers,* 501 U.S. at 45–46 (internal quotation marks omitted).

The Third Circuit has held that:

> Because of their very potency, inherent powers must be exercised with restraint and discretion. A primary aspect of a district court's discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process. Thus, a district court must ensure that there is an adequate factual predicate for flexing its substantial muscle under its inherent powers, and must also ensure that the sanction is tailored to address the harm identified. In exercising its discretion

under its inherent powers, the court should be guided by the same considerations that guide it in the imposition of sanctions under the Federal Rules. First, the court must consider the conduct at issue and explain why the conduct warrants sanction. If an attorney, rather than a client, is at fault, the sanction should ordinarily target the culpable attorney.

*Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 (3d Cir.1994).

Essentially, Defendants SAP and JPMorgan seek their fees in defending against a baseless racketeering lawsuit. IBM seeks fees for one motion relating to the racketeering lawsuit and for two other pleadings. I understand that under some circumstances, I could award fees against a *pro se* plaintiff for filing legally insufficient pleadings.[1] I do not like sanctioning a *pro se* litigant (and I believe I have only done so on rare occasion in seven years as a judge), but Plaintiff is a good candidate for such consideration. She is a prodigious litigant who has filed, according to the Northern District of California, 89 cases. *Arunachalam v. Apple*, No. 5:18-cv-1250-EJD, D.I. 214 at 2 n.1 (N.D. Cal. Oct. 16, 2108). In a non-patent case, she filed eight motions to recuse, to disqualify, or to reconsider motions to recuse or disqualify. *Arunachalam v. Pazuniak*, No. 15-259, D.I. 166 (describing seven motions), D.I. 181 (eighth) (D.Del.). I note the repetitive motions for recusal, with no valid basis, in this case. (D.I. 40, 62, 83, 85, 97). She is abusive, regularly accusing just about all the judges handling her cases of treason and corruption, and that there is a vast conspiracy to invalidate her patents. When she had counsel, the relationships ended badly. *See WebXChange Inc. v. Dell Inc.*, 2011 WL 6328211, *3 (D.Del. Dec. 15, 2011) ("[Arunachalam] is a difficult personality who has clashed with multiple well-

---

[1] I see that Plaintiff subsequently sued IBM, SAP, and JPMorgan in *Arunachalam v. Apple*, No. 5:18-cv-1250-EJD (N.D. Ca.), and that the case has been dismissed against all defendants. IBM says the case has "the same RICO claims." (D.I. 131 at 4 n.1). This appears to be true. *Arunachalam v. Apple*, No. 5:18-cv-1250-EJD, D.I. 214 at 6 n.2 (N.D. Cal. Oct. 16, 2018) ("Plaintiff's RICO claims are identical to the RICO claims brought against IBM, SAP, and JPMorgan Chase in the District of Delaware."). Bringing the same claim in a different district is certainly a sign of vexatiousness. I note that Arunachalam has filed an appeal in that case.

respected attorneys and law firms, . . . and is not good about following the directions of the Court.").

As to JPMorgan and SAP, I stated in ruling on the original round of motions to dismiss, "the only factual allegations in the twenty-seven pages of the amended complaint against SAP and J.P. MorganChase concern why the Court has personal jurisdiction over them . . ., that they 'are using Plaintiff's patented Web applications on a Web browser[, which] is mission critical to how [they] conduct their business and operations today on the Web,' . . . and that they have not licensed the '506 patent."   (D.I. 89 at 4).  I permitted Plaintiff to file a motion for leave to file an amended complaint, but when her motion did not comply with the Local Rules (which I had warned her about) and did not cure the pleading deficiencies of the earlier complaint, I denied her motion. (D.I. 103 at 2).  I noted that the failure to comply with the Local Rule "can only be considered to be willful and in bad faith."  (*Id.*).

As for IBM, perhaps I should grant its motion in full, but I am going to exercise my discretion and only grant the portion of the motion relating to Arunachalam's pointless litigation relating to the "two other pleadings."  IBM identifies that after Plaintiff's patent was invalidated by the PTAB, and the time for appeal had run, she still opposed IBM's motion to dismiss.  (D.I. 131 at 4-5).  Then, after I had dismissed Plaintiff's patent claim, she filed a baseless motion to alter or amend a judgment. (D.I. 118; *see* D.I. 131 at 5).  She did not have a leg to stand on, yet still she made IBM file the pleadings to resolve the case.  That is vexatious conduct.
In terms of IBM's request for fees relating to the motion to dismiss, my thinking is that Arunachalam had a patent that she could assert against IBM, and some history with them that made her racketeering suit against them a little more plausible if nevertheless still not even close

to stating a colorable complaint. I think the monetary sanctions appear to be a reasonable response to her conduct.

Thus, I will grant-in-part and deny-in part the motions for attorneys' fees and prefiling injunctions. (D.I. 130, 135, 136).

IBM and SAP have filed motions to seal and "for a protective order applying Local Rule 26.2 to Self-Represented Litigant.' (D.I. 134). Essentially, as I understand it, they want me to award them fees while at the same time prohibiting Plaintiff from disclosing anything about what she learns about their fee structures. In the alternative, IBM seeks leave to submit a "revised Sanctions Motion." I am not entirely sure what IBM wants to do in its "alternative" proposal, but I frequently see decisions about attorneys' fees that lay out in some detail the basis for the fee award, and that might easily happen in this case. *See, e.g., Chalumeau Power Sys LLC v. Alcatel-Lucent USA Inc.*, 2014 WL 5814062 (D.Del. Nov. 6, 2014).

The party seeking to seal has to establish good cause. Good cause requires a showing that "disclosure will work a clearly defined and serious injury to [that party]. The injury must be shown with specificity." *Id.* at 507 (alteration in the original; citations and internal quotation marks omitted). Or, in other words, the party seeking to seal judicial records must demonstrate "a compelling interest" in shielding those materials from public view. *Id.* at 508. Among other things, I have considered the various factors, to the extent relevant, set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994), Courts should consider:

> (1) whether disclosure will violate any privacy interests; (2) whether the information being sought is for a legitimate purpose; (3) whether disclosure will cause embarrassment to a party; (4) whether the information to be disclosed is important to public health and safety; (5) whether sharing the information among litigants will promote fairness and efficiency; (6) whether the party benefitting from the order is a public entity or official; and (7) whether the case involves issues important to the public.

*Mosaid Techs. Inc v. LSI Corp.*, 878 F.Supp.2d 503, 508 n.2 (D.Del. 2012) (citing *Pansy*).

While IBM and SAP say there would be irreparable harm, I do not think they have made that case. Essentially, they mention hourly rates, hours worked, and privileged descriptions of the work performed. I accept that privileged descriptions of the work performed should be confidential, as they are otherwise protected by a privilege. But I did not see any declarations about hourly rates and the number of hours worked, and I am not persuaded that within the legal community hourly rates are that well concealed. In addition, from what I hear, there is a lot of negotiation and deals in the way large law firms charge clients, and I am not convinced that there will be irreparable harm to IBM or SAP should that information be released. Thus, I will mostly deny IBM's and SAP's motions. (D.I. 134, 140). If IBM (or the other Defendants) want to exercise some form of IBM's alternative proposal, the party should file the appropriate papers within three weeks.

JPMorgan's motion proposes that I either review the billing materials in camera, which I will not do, or that I seal them and enter a protective order. I will treat JPMorgan's motion (D.I. 142) the same as IBM's and SAP's.

Entered this 27 day of March 2019.

United States District Judge