IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DR. LAKSHMI ARUNACHALAM, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 16-281-RGA |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, et al., | : | |
| Defendants. | : | |

**MEMORANDUM**

This memo concerns motions (or further motions) for attorneys' fees filed by the three Defendants – JPMorgan, SAP America, and IBM. (D.I. 171, 173, 183). Before I reach them, however, there are some miscellaneous motions to be considered.

Plaintiff filed a motion to recuse me "on new grounds." (D.I. 167). Plaintiff has also filed a motion for Chief Judge Stark and me "not [to] take part in the decision" of this case. (D.I. 200). Both motions will be denied. Plaintiff has previously filed five motions to recuse me, which I have denied. (D.I. 80 [denying motion filed at D.I. 40], D.I. 84 [denying motion filed at D.I. 83], D.I. 87 [denying motion filed at D.I. 85], D.I. 103 [denying motions filed at D.I. 92 & 97]. On appeal, on January 28, 2019, the Court of Appeals affirmed these rulings. (D.I. 161-1 at 10-11). The motion to recuse "on new grounds" was filed on April 10, 2019. The only thing arguably new was that I had recently issued a ruling on the attorneys' fees motions. (D.I. 164, 165). Plaintiff states that the rulings constitute "false judgment." (D.I. 167 at 2). That is an argument that she may raise on appeal, but that is not grounds for recusal. The motion to recuse (D.I. 167) will therefore be denied. The other recusal-type motion states that Chief Judge Stark

and I should not take part in her cases (which is the equivalent of recusal) because six Supreme Court Justices did not take part in deciding her petition for writ of certiorari in *Arunachalam v. United States District Court*, No. 18-9383. The same day, October 7, 2019, however, there were enough Supreme Court Justices – apparently all of them – to participate in the decision to deny a petition for writ of certiorari in *Arunachalam v. Pazuniak*, No. 18-9915. Thus, I draw nothing from the lack of a quorum on the former case to suggest that I should recuse myself on this case. (I would draw that conclusion even absent the *Pazuniak* case and a couple of others decided similarly the same day.). Thus, the motion to not take part in the decision (D.I. 200) will be denied.

Plaintiff filed two frivolous motions requesting that I and the "attorneys of record" produce our oaths of office and insurance information (D.I. 193) and foreign registration information (D.I. 194). These motions will be denied.

I now consider Defendants' motions for attorneys' fees. (D.I. 171, 173, 183). By way of background, I granted in part Defendants' earlier motions for attorneys' fees by order dated March 27, 2019. (D.I. 164 & 165). The ruling was based on the Court's "inherent authority." As to JPMorgan and SAP, I noted that the amended complaint in this case had essentially no allegations to support the racketeering counts filed against them, and that the filing of an amended racketeering complaint under the circumstances was "willful and in bad faith." (D.I. 164 at 5). As to IBM, I granted the attorneys' fees motion, but limited the grant to the "pointless litigation relating to the 'two other pleadings.'" (*Id.*). I did not decide any amounts of fees.

I have previously stated how issues about attorneys' fees should be analyzed.

> "The court calculates attorney fees pursuant to the 'lodestar' approach. The lodestar amount results from multiplying the amount of time reasonably expended by reasonable hourly rates.... The prevailing community market rates assist the court in determining a reasonable hourly rate." The court should exclude all hours that were not "reasonably

expended." The party seeking fees "bears the burden of establishing the reasonableness of both the time expended and the hourly rates." Once the amount of time has been multiplied by a reasonable hourly rate, there are several factors a court may consider to adjust the award upwards or downwards. The Court can consider these factors to the extent they are raised by the parties.

*Parallel Iron LLC v. NetApp, Inc.*, 84 F. Supp. 3d 352, 356 (D. Del. 2015) (citations omitted).

**IBM**. In regard to IBM's request, the relevant pleadings are the further motion (D.I. 183), opening brief (D.I. 184), two declarations (D.I. 177, 178), and answering brief (D.I. 186).[1] IBM submitted two declarations in support of its request for $53,034.38 in fees expended on the "pointless litigation."[2] IBM has submitted evidence of the reasonableness of the hourly rates, and documentary support in relation to the actual billings. I have reviewed the billings, and they appear to represent time actually expended on the two relevant disputes. I also reviewed the actual IBM pleadings filed during the two relevant time periods (first, D.I. 104, 105, 106, 107, 109, 112; second, D.I. 121).

Plaintiff's only relevant opposition to IBM's request consists of the assertion that the fee requests "are completely unreasonable . . . . Not one dollar is reasonable. The Defendants plagiarized each other, took less than 15 minutes to write their briefs for which they are claiming approximately $55K each for a total of $165K." (D.I. 186 at 1 (emphasis omitted)). While the statement makes clear Plaintiff's opposition, it does not help me in considering the matter. Plaintiff provides no support for her statement and does not offer any comment on the billing records.

---

[1] The answering brief is modestly over the page limits of the local rules. Plaintiff requests that I "waive the page limit." (D.I. 186 at 23). Considering that a motion, I will grant it.

[2] Based on the two submitted declarations (D.I. 177 & 178), IBM claims $18,402.88 + $9,211.50 + $16,503 + $8,925, which equals $53,042.38. I cannot figure out this minor discrepancy.

I note that IBM states that it has discounted some of its billable time when there was a mixture of relevant and irrelevant work. (D.I. 177, ¶¶4, 6; D.I. 178, ¶4). I am also cognizant that because of the volume of Plaintiff's filings, in this and related cases, that there may be more work that goes into a product than necessarily appears in the final product. That being said, the filings I have cited above do appear to involve some billing for duplication of effort, both between law firms and between lawyers at the same firm. In consequence, I will reduce IBM's attorneys' fees to $40,000.

**JPMorgan**. In regard to JPMorgan's request, the relevant pleadings are the supplemental motion (D.I.171 [referring to D.I. 137]), a declaration (D.I. 172), and the answering brief (D.I. 186). JPMorgan submitted one declaration in support of its request for $57,190.40, which represents a modest reduction from the amount actually billed. (D.I. 172 at 5). JPMorgan has submitted evidence of the reasonableness of the blended hourly rate of $512 per hour. (*Id.*). I have reviewed the documentary support in relation to the actual billings, and they appear to me to represent the actual amount of time expended on the case, and, further, the amount of time seems reasonable in relation to the main brief submitted by JPMorgan, which was a full brief (D.I. 22), and the substantial reply brief (D.I. 54).

Plaintiff's only relevant opposition to JPMorgan's request consists of the assertion that the fee requests "are completely unreasonable . . . . Not one dollar is reasonable. The Defendants plagiarized each other, took less than 15 minutes to write their briefs for which they are claiming approximately $55K each for a total of $165K." (D.I. 186 at 1 (emphasis omitted)). While the statement makes clear Plaintiff's opposition, it does not help me in considering the matter. Plaintiff provides no support for her statement and does not offer any comment on the billing records.

I do not see any reason to discount JPMorgan's requested amount of attorneys' fees, and thus I do not do so.

**SAP America**. In regard to SAP America's request, the relevant pleadings are its notice of filing (D.I. 173), a declaration (D.I. 174), and the answering brief (D.I. 186). The declaration supports a request for $51,772.09 in attorneys' fees. (D.I. 173 at 6). This amount represents a reduction in the amount actually billed by about $10,000. (*Id.* at 1). SAP America has submitted evidence of the reasonableness of the blended hourly rate of $496.38. (D.I. 174 at 4). I have reviewed the documentary support in relation to the actual billings. They appear to me to represent actual time spent on the case, and the amount of time seems reasonable to me. I have reviewed SAP America's two briefs on the motion to dismiss. (D.I. 18, 56). The briefs seem to me to justify the time spent.

Plaintiff's only relevant opposition to SAP America's request consists of the assertion that the fee requests "are completely unreasonable . . . . Not one dollar is reasonable. The Defendants plagiarized each other, took less than 15 minutes to write their briefs for which they are claiming approximately $55K each for a total of $165K." (D.I. 186 at 1 (emphasis omitted)). While the statement makes clear Plaintiff's opposition, it does not help me in considering the matter. Plaintiff provides no support for her statement and does not offer any comment on the billing records.

I do not see any reason to discount SAP America's requested amount of attorneys' fees, and thus I do not do so.

Thus, I will grant IBM's motion as it relates to attorneys' fees (D.I. 183) in part, and JPMorgan's motion for attorneys' fees (D.I. 171) and SAP America's motion for sanctions (i.e.,

attorneys' fees) (D.I. 173) in whole. I will enter a separate order.

Nov. 12, 2019
Date

_____
United States District Judge