**Case No.:**

_____

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

_____

**IN RE:** Dr. Lakshmi Arunachalam, a woman, ***Petitioner***

_____

**On Petition for a Writ of Mandamus to the**
United States District Court for the District of Delaware, Case Nos. 14-91-RGA;
14-373-RGA; 12-282-RGA; 14-490-RGA; 13-1812-RGA; 15-259-RGA;
16-281-RGA; 12-355-RGA;
United States District Court for the Northern District of California, Case  Nos.
3:12-cv-4962-TSH; 5:18-cv-1250-EJD; 17-3325-EJD; 17-3383-EJD;
5:16-cv-6591-EJD; 4:13-CV-1248 PJH; 15-23-EDL;
United States District Court for the Western District of Texas, Waco, Case Nos.
6:19-cv-171; 6:19-cv-172; 6:19-cv-349; 6:19-cv-350; 6:19-cv-351; 6:19-cv-352;
United States District Court for the Eastern District of Texas, Texarkana,
Case Nos.  5:19-cv-18; 5:19-cv-19;
United States Court of Federal Claims, Case No. 16-358-RTH (COFC);
United States Patent Trial and Appeal Board PTAB Case Nos. CBM2016-00081;
IPR2013-00194; IPR2013-000195; CBM2013-00013; CBM2014-00018; PATO-1:
90/010,417; *Ex Parte* Re-Exam Control No. 90/010,346;  *Inter Partes* Re-Exam
Control No. 95/001,129; in Re-Examination of  U.S. Patent Nos. 6,212,556 B1;
5,778,178; 7,340,506; and IPR Reviews of U.S. Patent Nos. 8,108,492; 5,987,500;
and CBM Reviews of U.S. Patent Nos. 8,037,158;  and 7,340, 506 C1.

_____

**EMERGENCY PETITION FOR A WRIT OF MANDAMUS**

_____

June 22, 2020                    Dr. Lakshmi Arunachalam, a woman
                                 222 Stanford Avenue, Menlo Park, CA 94025
                                 Tel: 650.690.0995; laks22002@yahoo.com

                                 *Dr. Lakshmi Arunachalam, a woman*
                                 *Self-Represented Petitioner*

i

## **Questions Presented**

1.    Whether this Court is solemn-oath duty bound to Order the District Courts and PTAB to reverse based on its own reversal in *Arthrex, Virnetx, Aqua Products'* rulings, to consider Patent Prosecution History, and to enforce *Fletcher*, in the Petitioner's/Inventor's cases, so as to <u>grant the Petitioner/Inventor Constitutional Redress she is entitled to</u>, <u>to end the oppression</u> from the <u>Erroneous and Fraudulent Orders</u> by financially conflicted courts and PTAB that have deprived the Petitioner/Inventor of her <u>rights with no remedy</u>.

2.    Whether this Court affirming the District Courts' or PTAB's Unconstitutional, Erroneous and Fraudulent Orders <u>that failed to consider Patent Prosecution History, or apply *Aqua Products* and to enforce *Fletcher*</u> — the Law of the Case and Supreme Law of the Land — are themselves Unconstitutional and Erroneous and Fraudulent Orders and cannot serve as the Law of the Case contrary to the *Mandated Prohibition* of the Constitution from repudiating a patent contract grant, <u>entitling Petitioner/Inventor to Constitutional Redress</u>.

3.    Whether this Court exceeded its authority, breached its oaths of office, and egregiously abused its discretion by *disparately* failing to grant Petitioner/Inventor's Motion to Vacate and Remand in light of its own rulings in *Arthrex, Inc. v. Smith & Nephew, Inc.,* and *Virnetx Inc. v. Cisco Systems and USPTO* (intervenor) (Fed. Cir. 2020*)* that the PTAB administrative patent judges (APJs) were appointed unconstitutionally <u>in violation of the Appointments Clause of the U.S. Constitution</u>, U.S. Const., art. II, §2, cl. 2.

4.    Whether this Court's failure to grant Petitioner/Inventor her protected rights to the benefits of its own rulings in *Arthrex, Inc. v. Smith & Nephew, Inc.,* No. 2018-2140, slip op. (Fed. Cir. Oct. 31, 2019) and its 5/13/20 *Virnetx Inc. v. Cisco Systems and USPTO* (intervenor) (Fed. Cir. 2020*)* that the PTAB administrative patent judges (APJs) were appointed unconstitutionally <u>in violation of the Appointments Clause of the U.S. Constitution</u>, U.S. Const.,

art. II, §2, cl. 2, that void all court and PTAB Orders from pre- and post-AIA 17 Re-examinations/CBM/IPR Reviews of Petitioner/Inventor's patents is Erroneous and Fraudulent, <u>violating the 1st, 5th and 14th Amendments to the Constitution, and the Equal Protection clause of the Constitution, entitling Petitioner/Inventor to Constitutional Redress.</u>

5.   Whether this Court and District Courts and PTAB exceeded their authority, breached their oaths of office, and egregiously abused their discretion in their Erroneous and Fraudulent Orders by *disparately* <u>failing to grant Petitioner/Inventor her protected rights to the benefits of this Court' ruling in</u> *Aqua Products, Inc. v. Matal,* Fed. Cir. Case 15-1177, 2017, that all court and PTAB Orders are reversed that <u>failed to consider "the entirety of the record" – Patent Prosecution History – material *prima facie* evidence that Petitioner/Inventor's patent claim terms are *neither* indefinite *nor* not enabled *nor* are patent claims invalid</u>, violating the Equal Protection clause of the Constitution.

6.   Whether this Court and District Courts and PTAB exceeded their authority, breached their oaths of office, and egregiously abused their discretion by <u>failing to enforce the prohibition of the Constitution mandated by the Supreme Court</u> <u>against repudiating Government-issued contract grants of any kind</u> — the Law of the Case and the Supreme Law of the Land — *stare decisis* Governing Supreme Court Precedents[1] as declared by Chief Justice

---

**1** *Fletcher v. Peck,* 10 U.S. 87 (1810*) "A grant is a contract that cannot be repudiated by the highest authority"*; In *Trustees of Dartmouth College v. Woodward*, 17 U.S. 518 (1819), Chief Justice Marshall declared *the "Law of this Case is the Law of all...applicable to contracts of every description...Lower courts have nothing to act upon"* but enforce the Constitution; *Ogden v. Saunders*, 25 U.S. 213 (1827); apply the logic of <u>sanctity of contracts</u> and vested rights directly to <u>federal grants of patents under the IP Clause.</u> By entering into public contracts with inventors, the <u>federal government must ensure</u> what Chief Justice Marshall described in *Grant v. Raymond,* 31 U.S. 218 (1832) as a "*faithful execution of the solemn promise made by the United States.*" In *U.S. v. American Bell Telephone Company*, 167 U.S. 224 (1897), Justice Brewer declared**:** "*the contract basis for intellectual property rights heightens the <u>federal government's obligations to protect those rights</u>. ...give the <u>federal government</u> "higher rights" to cancel land patents than to cancel patents for inventions*."

Marshall in *Fletcher v. Peck* (1810), *Trustees of Dartmouth College v. Woodward*, 17 U.S. 518 (1819); *Ogden v. Saunders*, 25 U.S. 213 (1827); *Grant v. Raymond,* 31 U.S. 218 (1832); *U.S. v. American Bell Telephone Company*, 167 U.S. 224 (1897), <u>entitling Petitioner/Inventor to Constitutional Redress</u>.

7.     Whether this Court and District Courts and PTAB exceeded their authority, breached their oaths of office, and egregiously abused their discretion by their <u>FALSE OFFICIAL STATEMENTS of a falsely alleged collateral estoppel from void Orders by financially conflicted District Court Judge Andrews and financially conflicted PTAB Judges McNamara and Siu</u>, all of whom remained silent as fraud in a criminal enterprise that <u>no court or PTAB can collaterally estop *Fletcher* — the Law of the Case and Supreme Law of the Land</u> — and when no one has proven any evidence of collateral estoppel after <u>*disparately* failing to consider Patent Prosecution History</u> or apply this Court's *Aqua Products*' ruling, depriving Petitioner/Inventor of her <u>rights with no remedy, entitling Petitioner/Inventor to Constitutional Redress</u>.

8.     Whether this Court exceeded its authority, breached its oaths of office, and egregiously abused its discretion by its <u>FALSE OFFICIAL STATEMENT that the Supreme Court had already adjudicated the *Fletcher Challenge*, which to date the Supreme Court has not</u>, based on which this Court dismissed Petitioner/Inventor's Appeal of her Antitrust Case 19-1251, depriving Petitioner/Inventor of her <u>rights with no remedy, entitling Petitioner/Inventor to Constitutional Redress</u>.

9.     Whether this Court must either Order the District Courts and PTAB to enforce *Fletcher* and *stare decisis* Governing Supreme Court Precedents or itself reverse *Fletcher*, and cannot apply the reversal retroactively.

10.    Whether this Court must Order the District Courts and PTAB to grant Petitioner/Inventor her protected rights to the benefits of its own rulings in *Arthrex, VirnetX, Aqua Products*, and reverse all Orders by unconstitutionally appointed PTAB APJs; reverse all Orders that failed to

consider "the entirety of the record"—  Patent Prosecution History and failed to apply *Aqua Products*;  and enforce the prohibition of the Constitution mandated by the Supreme Court against repudiating Government-issued contract grants of any kind — the Law of the Case and the Supreme Law of the Land — *stare decisis* Governing Supreme Court Precedents as declared by Chief Justice Marshall in *Fletcher v. Peck* (1810),  *Trustees of Dartmouth College v. Woodward*, 17 U.S. 518 (1819); *Ogden v. Saunders*, 25 U.S. 213 (1827);  *Grant v. Raymond,* 31 U.S. 218 (1832);  *U.S. v. American Bell Telephone Company*, 167 U.S. 224 (1897).

11.  Whether this Court <u>wantonly</u> exceeded its authority, <u>willfully</u> breached its solemn oaths of office, and <u>egregiously</u> abused its discretion by **(i)** *disparately,* failing to grant Petitioner/Inventor's Motion to Vacate and Remand in light of systematically [As with *Aqua Products* giving Petitioner/Inventor the 'Entitlement to Constitutional Redress'.]; **(ii)** *depriving,* Inventor the fundamental Equal Protections of its own materially substantive rulings in  *Arthrex, Inc. v. Smith & Nephew, Inc.,* and *Virnetx Inc. v. Cisco Systems and USPTO* (intervenor) (Fed. Cir. 2020*)* that the PTAB administrative patent judges (APJs) were appointed unconstitutionally **in violation of the Appointments Clause of the U.S. Constitution**, U.S. Const., art. II, §2, cl. 2.; **<u>and,</u> (iii)** *ultra vires-ly*, remaining silent, in judicial furtherance, as to the unconstitutional, clearly-collective object sought in the reverse; by,   **(a) <u>colorful,</u>** adjudications clearly-designed to continue the conflicting judicial non-enforcements [Concertedly, with the silent 'knowledge and consent' of the legislative (AIA)  and executive (USPTO) departments noticed.] thereof; **(b) <u>avoiding,</u>** the duty to enforce the '*Mandated Prohibition*' against repudiating government issued contract grants even by the highest authority declared by Chief Justice Marshall, in the famous case of *Fletcher v. Peck* (1810); **<u>disclosed,</u>** for the first time since the *Mandated Prohibition* imposed the enforcement duty upon all sworn officers; **<u>and,</u> (c)**  at the expense of ignoring Petitioner/Inventor's **'Constitutional Entitlement to Redress'**, resulting from the 'Erroneous and Fraudulent' corrupted reexamination **'Invalidation Process Decision(s)'** of the USPTO/PTAB in concert with the Federal Circuit Court [Itself, opting-out of its associated-in-fact *ultra vires* concerted adjudications [Repudiating government issued contract grants, without considering Patent Prosecution History.]; in Breach of Imposed Duty, Solemn Oaths, and the Public Trust.

**NOTE**:  IBM, SAP, JPMorgan Chase & Co. wrote in their brief in one of my cases on 6/15/20 of "the nonsensical" Justice Marshall's *Mandated Prohibition* as declared in *Fletcher v. Peck, et al.*

IF ANYONE OF YOU (AS ATTORNEYS OR ADJUDICATORS) HONESTLY BELIEVES THAT JUSTICE MARSHALL'S '*MANDATED PROHIBITION*' IS 'NONSENSICALLY PROPOUNDED' AND/OR 'DUTIFULLY NON-APPLICABLE' TO YOU PERSONALLY [IN ANY OF MY CASES.], YOU SHOULD NOT BE IN THE LEGAL PROFESSION AND NEED TO TURN IN YOUR BAR CARD ALLOWING YOU TO MAL-PRACTICE LAW IN THE UNITED STATES; **AND,** I PRAY YOU DO THIS PRIOR TO ENTERTAINING THIS PETITION FOR REDRESS OF JUDICIAL AND ADMINISTRATIVE GRIEVANCES; **BECAUSE,** IT ONLY ADDS INSULT TO CONSTITUTIONAL INJURY INFLICTED UPON MY PERSON.

RESPECTFULLY PROPOUNDED,

**WITH ALL DUE RESPECT TO CONFLICTING JUDICIAL LOYALTIES RECENTLY DISCLOSED BY THE SUPREME COURT IMPACTING MY CASES**.

June 22, 2020

*Lakshmi Arunachalam*

**Dr. Lakshmi Arunachalam**

222 Stanford Avenue, Menlo Park, CA 94025

(650) 690-0995, laks22002@yahoo.com

*SELF- REPRESENTED* PETITIONER

## PARTIES TO THE PROCEEDINGS BELOW

Petitioner, Dr. Lakshmi Arunachalam, the inventor and sole assignee of the patent(s)-in-suit was the Plaintiff in the court below and the Patent Owner in the PTAB cases. Dr. Lakshmi Arunachalam is the sole Petitioner in this Court. Respondents SAP America, Inc.; the United States Patent and Trademark Office; Microsoft Corporation; J.P. Morgan Chase & Co; Fulton Financial Corporation; Fremont Bancorporation and Fremont Bank; Fiserv, Inc.; Presidio Bank; Citi Group, Inc., Citicorp, CitiBank, N.A.; International Business Machines Corporation (IBM); Apple, Inc.; Samsung Electronics America, Inc.; Facebook, Inc.; Alphabet, Inc.; Wells Fargo Bank, N.A.; Eclipse Foundation, Inc.; Kronos Incorporated; George Pazuniak *et al*; the United States; Exxon Mobil Corporation; Intuit, Inc.; Lyft, Inc.; Uber Technologies, Inc.; BNSF Railway Company; Beal Bank, SSB;  Berry Aviation, Inc.; Apache Corporation; Intuit, Inc.; Richard G. Andrews; Sue L. Robinson; Leonard P. Stark; Elizabeth D. Laporte; Edward J. Davila; Citizen's Financial Group, Inc.  were the Defendants in the court below. SAP America, Inc. was the Plaintiff in United States District Court for the Northern District of California, Case No. 4:13-CV-1248 PJH and Dr. Lakshmi Arunachalam, the Petitioner/Inventor was the Defendant in that case; Microsoft and SAP America, Inc. were the Parties that initiated the re-exams and IPR/CBM Reviews of Petitioner/Inventor's patents-in-suit.

## PETITIONER'S STATEMENT

Pursuant to this Court's Rules, Dr. Lakshmi Arunachalam is an individual and has no parent company and no publicly held company owns 10% or more of its stock.

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to this Court's Rules, Self-Represented Petitioner Dr. Lakshmi Arunachalam makes the following certification:

**(A)    Parties.**

Petitioner:       Dr. Lakshmi Arunachalam

Respondents:   United States District Judge Richard G. Andrews.

United States District Judge Phyllis J. Hamilton.

United States District Judge Edward J. Davila.

United States Magistrate Judge Thomas S. Hixson.

United States Magistrate Judge Elizabeth D. Laporte.

United States Judge Ryan T. Holte in the U. S. Court of Federal Claims.

United States District Judge Alan D. Albright.

United States District Judge R.W. Schroeder.

SAP America, Inc.

Microsoft Corporation.

J.P. Morgan Chase & Co.

Fulton Financial Corporation.

Fremont Bancorporation and Fremont Bank.

Fiserv, Inc.

Presidio Bank.

Citi Group, Inc., Citicorp, CitiBank, N.A.

Apple, Inc.

International Business Machines Corporation (IBM).

Samsung Electronics America, Inc.

Facebook, Inc.

Alphabet, Inc.

Wells Fargo Bank, N.A.

Eclipse Foundation, Inc.

Kronos Incorporated.

George Pazuniak *et al*.

Exxon Mobil Corporation.

Intuit, Inc..

Lyft, Inc..

Uber Technologies, Inc..

BNSF Railway Company.

Beal Bank, SSB.

Berry Aviation, Inc.

Apache Corporation.

Sue L. Robinson.

George Pazuniak, *et al*.

x

Leonard P. Stark.

Citizen's Financial Group, Inc.

United States:   Sarah E. Craven, Associate Solicitor,
United States Patent and Trademark Office.

Scott Bolden, Deputy Director,
United States Department of Justice.

**(B)   Ruling Under Review.**

<u>(i)</u>   District Courts and USPTO/PTAB's failure to grant Petitioner/Inventor her protected rights to the benefits of this Court's *Arthrex, Inc. v. Smith & Nephew, Inc.,* No. 2018-2140, slip op. (Fed. Cir. Oct. 31, 2019) and this Court's 5/13/20 *Virnetx Inc. v. Cisco Systems and USPTO* (intervenor) (Fed. Cir. 2020*)* rulings that the PTAB Judges were appointed unconstitutionally and hence all court and PTAB Decisions from pre- and post-AIA 17 Re-examinations/ CBM/IPR Reviews of Petitioner/Inventor's patents are void and reversed;

<u>(ii)</u>   District Courts and USPTO/PTAB's failure to grant Petitioner/Inventor her protected rights to the benefits of the U. S. Court of Appeals for the Federal Circuit's own ruling in *Aqua Products, Inc. v. Matal,* Fed. Cir. Case 15-1177, October 4, 2017, that all court and USPTO/PTAB Decisions are reversed that failed to consider "the entirety of the record" – Patent Prosecution History – material *prima facie* evidence that Petitioner/Inventor's patent claim terms are neither indefinite nor not enabled nor are patent claims invalid; and,

<u>(iii)</u>   the failure by the District Courts, USPTO/PTAB and the U.S. Court of Federal Claims, to enforce the prohibition of the Constitution mandated by this Court against repudiating Government-issued contract grants of any kind — the Law of the Case and the Supreme Law of the Land — Governing Supreme Court precedents[2] as declared by Chief Justice Marshall

---

[2] *Fletcher v. Peck,* 10 U.S. 87 (1810); *Ogden v. Saunders,* 25 U.S. 213 (1827); apply the logic of <u>sanctity of contracts</u> and vested rights directly to <u>federal grants of patents under the IP Clause</u>. By entering into public contracts with inventors, the <u>federal government must ensure</u> what Chief Justice Marshall described in *Grant v. Raymond,* 31 U.S. 218 (1832) as a "*faithful execution of*

in *Fletcher v. Peck* (1810), *Trustees of Dartmouth College v. Woodward*, 17 U.S. 518 (1819); *Ogden v. Saunders*, 25 U.S. 213 (1827); *Grant v. Raymond*, 31 U.S. 218 (1832); *U.S. v. American Bell Telephone Company*, 167 U.S. 224 (1897).

**(C)** **Related Cases.** This case has not previously been before this Court.  All of Petitioner's Cases in all District Courts, Appellate Courts, USPTO/PTAB and this Court are all one single continuum of the same issues.

June 22, 2020

*Lakshmi Arunachalam*

**Dr. Lakshmi Arunachalam**
222 Stanford Avenue, Menlo Park, CA 94025
(650) 690-0995, laks22002@yahoo.com
*SELF- REPRESENTED* PETITIONER

---

the solemn promise made by the United States." In *U.S. v. American Bell Telephone Company*, 167 U.S. 224 (1897), Justice Brewer declared**:** "*the contract basis for intellectual property rights heightens the <u>federal government's obligations to protect those rights</u>. ...give the <u>federal government</u> "higher rights" to cancel land patents than to cancel patents for inventions*." In *Trustees of Dartmouth College v. Woodward*, 17 U.S. 518 (1819), Chief Justice Marshall declared the "Law of this Case is the Law of all."

TABLE OF CONTENTS

QUESTIONS PRESENTED…………………………………….....................ii

PARTIES TO THE PROCEEDINGS BELOW……………………………vii

PETITIONER'S STATEMENT……………………………………………..viii

CERTIFICATE AS TO PARTIES, RULINGS, AND
RELATED CASES………………………………………………………………ix

TABLE OF AUTHORITIES…………………………………………….....xv

EMERGENCY PETITION FOR A WRIT OF
MANDAMUS………………………………………………………………… 1

OPINIONS BELOW…………………………………………….....................1

JURISDICTION…………………………………….............................................1

STATEMENT OF THE CASE……………………………………………...1

THE SUPREME BREACH OF PUBLIC TRUST…………………………1

PATENTLY OPPRESSIVE………………………………………….....................2

INVENTOR IS ENTITLED TO CONSTITUTIONAL
REDRESS……………………………………………………………………...3

JUDICIAL MALFEASANCE, MISFEASANCE, NON FEASANCE..........3

BACKGROUND…………………………………………………………….7

Petitioner invented the Internet of Things (IoT) — Web Apps
displayed on a Web browser — her dozen patents have a priority
date of 1995, when two-way real-time Web transactions from Web
Applications were non-existent…………………………………………...7

Proceedings of District Courts, and PTAB ……………………………....8

xiii

FALSE CLAIMS……………………………………………………...11

RELIEF SOUGHT………………………………………………………19

ISSUES PRESENTED…………………………………………....................20

FACTS……………………………………………………………………..21

REASONS WHY THE WRIT SHOULD ISSUE………………………......24

Standard of Review……………………………….....................................25

District  Courts and PTAB Legally Erred…………………………………26

This is the Rare Case Where Mandamus is Warranted……………………28

Petitioner's Right to Relief is "Clear and Indisputable," And
She Has No Alternative Avenue of Relief…………………………………30

Issuance of the Writ is Appropriate……………………………....................31

The Court Should Order these Cases Re-Assigned to
Another District Judge from Judges Andrews, Davila, Albright, Schroeder
and from Judge Holte……....................................................................................32

CONCLUSION……………………………………………………………34

CERTIFICATE OF COUNSEL/SELF-REPRESENTED
PETITIONER……………………………………………………………35

VERIFICATION…………………………………………………………...36

CERTIFICATE OF SERVICE…………………………………………..37

APPENDIX TABLE OF CONTENTS…………………………..43

# TABLE OF AUTHORITIES

*Ableman v. Booth*,
      62 U.S. 524 (1859)………………………………………..6

*Alice Corp. v. CLS Bank International*,
      573 U.S. 208 (2014)………………………………passim

*Aqua Products, Inc. v. Matal*,
      Fed. Cir. Case 15-1177 (2017) …………………...passim

*Arthrex, Inc. v. Smith & Nephew, Inc.*,
      No. 2018-2140, slip op. (Fed. Cir. 10/31/2019)…..passim

*Bell& Howell Document Management Prods. Co. v. Altek Sys.*,
      132 F. 3d 701(Fed. Cir. 1997)…………………………..6

*Festo Corp. v Shoketsu Kinzoku Kogyo Kabushiki Co.*,
      535 U.S. 722 (2002)………………………………...5, 27

*Fletcher v. Peck*,
      10 U.S. 87 (1810)…………………………………passim

*Grant v. Raymond*,
      31 U.S. 218 (1832)………………………………..passim

*In Re Reyes*,
      814 F.2d 168, 170 (5th Cir. 1987)…………………26, 30

*Liteky v. U.S.*,
      510 U.S. 540 (1994) at 555…………………………...33

*Microsoft v. i4i Limited Partnership,* Roberta Morris Amicus Curiae Brief,
      10-290, (S. Ct. 2011) pp. 3, 9…………………………18

*Oil States Energy Services, LLC v. Greene's Energy Group, LLC*,
      16-712, 584 U.S (2018)…………………………...passim

*Perhaps: Voice Technologies Group, Inc. v. VMC Systems*, Inc.,
     164 F.3d 605, 615 (Fed. Cir. 1999)……………………..6

*Roche v. Evaporated Milk Ass'n*,
     319 U.S. 21, 26 (1943)………………………………...25

*State v. Cummings*,
     36 Missouri 263 (2004)…………………………………7

*Sterling v. Constantin*,
     287 U.S. 397 (1932)…………………………………….

*Trustees of Dartmouth College v. Woodward*,
     17 U.S. 518 (1819) ………………………………passim

*U.S. v. American Bell Telephone Company*,
     167 U.S. 224 (1897) ……………………………...passim

*U.S. v. Fokker Servs.*,
     818 F.3d at 749 (D.C. Cir. 2016)………………………25

*Virnetx Inc. v. Cisco Systems and USPTO* (intervenor)
     (Fed. Cir. 2020*)*…………………………………...passim

## U.S. Constitution, Federal Rules of Civil Procedure, Judicial Canons and Statutes:

U.S. Const., Contract Clause, Art. I, §10, clause 1......................passim

U.S. Const., **Separation of Powers clause, Arts. I, II &**
III…………………………………………………………passim

U.S. Const., Amends. V & XIV, Due Process Clause………….passim

U. S. Const. Amend. XIV, §2, Equal Protection of the Laws
Clause…………...................................................................passim

U.S. Const. Amend. I: Right to Petition the Government for a Redress of Grievances……………………………………………………..passim

Vol. XII, Constitutional Law, Chapter 7. Sec. 140. *Erroneous and Fraudulent Decisions. Due Process and Equal Protection of Law*: *Procedure*. Sec. 1. *Due Process of Law*………………………...passim

Vol. XII, Constitutional Law, Chapter 7; Sec. 141. *Denying or Hindering Access to the Courts upon the Question of Due Process Itself*………………………………..........................................passim

42U.S.C. § 1983 Civil Rights Act………………………………passim

**JUDICIAL CANONS 2, 2A, 3, 3(A)(4)** ………………………passim

## OTHER AUTHORITIES

Webster's works, Vol V., p 487……………………………………………..7

## EMERGENCY PETITION FOR WRIT OF MANDAMUS

Petitioner/inventor Dr. Lakshmi Arunachalam ("Dr. Arunachalam") respectfully submits this petition for a writ of mandamus to the District Courts, U.S. Court of Federal Claims and PTAB.

## OPINIONS BELOW, JURISDICTION

The Orders of the United States District Court for the District of Delaware on 6/18/20; 6/19/20; 6/20/20 failing to enforce *Fletcher v. Peck* (1810), *Dartmouth College* (1819) and Governing Supreme Court Precedents, and Federal Circuit rulings in *Arthrex* and *VirnetX* (5/13/20) and *Aqua Products, Inc. v. Matal*, 15-1177 (Fed. Cir. 2017) and failing to consider Patent Prosecution History; and the Orders of the United States Court of Federal Claims, and California and Texas District Courts and PTAB are reproduced in the Appendix. This Court's jurisdiction is invoked under this Court's Rule 21 and 28 U.S.C. § 1651(a).

## STATEMENT OF THE CASE

This entire Case revolves around the Judiciary avoiding enforcing the *Fletcher Challenge*, at all costs:

## THE SUPREME BREACH OF PUBLIC TRUST

The Judiciary, USPTO and Congress **denied American citizens the beneficial use of inventions by breach of contract with inventors**. Are they ignorant of the Law and Governing Supreme Court Precedents that a Patent Grant is a Contract that cannot be repudiated by the highest authority, and there is nothing

1

for the Court to act upon but enforce the Supreme Law of the Land, as declared by Chief Justice Marshall?

Is this not Convoluted Justice involving **breach of solemn oaths of office,** instigating antitrust upon the Small Business and Inventor of significant inventions that enabled the nation to function remotely during the COVID-19 Pandemic with Instacart.com, Web banking, healthcare Web apps, social networking, Zoom, and the gazillions of Web Apps on iPhone and Android devices**.**

This Court must stop the oppression against a Senior Citizen woman of color, whose inventions transformed the world we live in.

Respondents robbed Petitioner of her significant inventions, deprived her of her rights with no remedies. This Court must ensure her of Constitutional redress that she is entitled to, vacate all unconstitutional and Fraudulent and Erroneous Orders, stop the manufacture of her inventions in China and importing them into the nation, hurting the domestic economy, have the inferior courts and USPTO/PTAB stop oppressing inventors, the backbone of our nation.

## PATENTLY OPPRESSIVE

Petitioner's case of her patented inventions of the Internet of Things (IoT) - Web Apps displayed on a Web browser is more constitutionally significant than *Marbury v. Madison*. The inventor asked Chief Justice Roberts the Question:

1. Whether it is Sedition that Chief Justice Roberts engaged in conflict of interest against inventors as a member of the Knights of Malta with fealty to the Queen of England who controls SERCO and

QinetiQ Group Plc, both British companies, in services that prejudice the inventor's patent properties.

**Chief Justice Roberts promptly recused on 5/18/20.** <u>This voids all his Orders in</u> <u>**ALL** of Petitioner's cases.</u> His wife running a legal recruiting firm placing lawyers at opposing law firms and opposing corporations, IBM, Microsoft is a financial conflict of interest. **Eight Justices remained silent.**

### INVENTOR IS ENTITLED TO CONSTITUTIONAL REDRESS

Inferior courts and PTAB breached their solemn oaths of offices, failed to enforce the Supreme Law of the Land, as declared by Chief Justice Marshall in *Fletcher v. Peck* (1810) "A grant is a contract that cannot be repudiated by the highest authority." *Trustees of Dartmouth College v. Woodward* (1819): "The law of this case is the law of all… applies to contracts of every description…"

### JUDICIAL MALFEASANCE, MISFEASANCE, NON-FEASANCE

(i)  Breach of solemn oaths of office by failing to enforce the *Mandated Prohibition* against repudiating Government-issued Patent Contract Grants as delineated in *Fletcher v. Peck* (1810); *Grant v. Raymond* (1832), *Trustees of Dartmouth College v. Woodward* (1819), *U.S. v. American Bell Telephone Company* (1897) — Governing Supreme Court Precedent Law of the Case — The Supreme Law of the Land — thereby losing jurisdiction and Orders are void.

(ii)  District Court Judge Andrews failed to recuse despite admitting he bought

and held direct stock in JPMorgan Chase& Co. during the pendency of that Case 12-282-RGA (D.Del.) and lost subject matter jurisdiction in all of Petitioner's cases before him.

District Courts *sua sponte* dismissed Petitioner's cases, without a hearing in unfettered judicial misfeasance to the prejudice of ensuring a fair and proper administration of justice.

The Law of the Case, the Law of the Land, the Constitution and the facts are on Petitioner's side, which Judges ignored.

An intellectual property patent grant contract is protected by the Constitution of the United States from legislative alteration coloring decades-long unilateral breach of contract by the Agency, legalized by judicial review annulling vested rights to property, and destroying remedies by denying access to the courts.

USPTO's corrupt decades-long re-examination process of repudiating Government-issued contract granted patents by neglecting to consider Patent Prosecution History, in a unilateral breach of contract by the USPTO with the inventor, prior to and post-AIA, delineated in the Federal Circuit's *Aqua Products* opting out reversal breached the patent contract with the Inventor, expressly contained in the Constitution, affirmed multiple times by the Supreme Court as inviolate. This imposes a duty to reverse the lower courts' rulings as unconstitutional. It denied Petitioner equal benefit of all laws and proceedings for

the security of person and property, constitutionally enumerated rights, violates the rule of law designed by the framers of the Constitution as a <u>bulwark against oppression</u> to limit the exercise of power. It tortuously destroyed Petitioner's vested contractually granted rights and remedies, <u>giving superior bargaining power to Respondents</u> (*having no reason to tender royalties owed*), <u>denying access to an impartial court by making it difficult, expensive, or hazardous.</u>

1. **<u>The sanctity of contracts expressly contained in the Constitution is both the "Law of the Case" and "Law of the Land":</u>**

   Chief Justice Marshall declared in *Dartmouth College*: "**The law of this case is the law of all**… Lower courts …**have nothing to act upon**…" "… **applicable to contracts of every description**…"

2. **<u>Courts/USPTO denied Petitioner the protection from Patent Prosecution History, a key contract term between the Inventor and Government. Respondents and Judges concealed material *prima facie* evidence Petitioner's patent claims are not invalid nor indefinite, propagated a false Collateral Estoppel, which fails in light of the Governing Supreme Court Precedents and Federal Circuit's *Aqua Products'* ruling that voided all Court and PTAB Orders that failed to consider "the entirety of the record"— Patent Prosecution History, material *prima facie* evidence that Petitioner's patent claims are neither invalid nor claim terms indefinite.</u>**

Precedential Rulings *Festo Corp. v Shoketsu Kinzoku Kogyo Kabushiki Co*., 535 U.S. 722 (2002) restrain the District Court from *disparately* failing to consider Patent Prosecution History in Petitioner's cases. District courts and PTAB failed to apply Federal Circuit's *Aqua Products* ruling which reversed all Orders in cases that failed to consider Patent Prosecution History.

3. **Respondent JPMorgan's impermissible Expert testimony on claim construction concealed *prima facie* evidence of Patent Prosecution History.**
that the claim terms are **_not_** indefinite, falsely alleged by JPMorgan in 12-282-RGA (D.Del.) and collusively adjudicated by District courts. *Bell& Howell Document Management Prods. Co. v. Altek Sys*., 132 F. 3d 701(Fed. Cir. 1997) (reversing district court because court erred in relying on expert testimony when claims were unambiguous in view of intrinsic evidence.)

4. **Inventor testimony is helpful to claim construction. District Courts and USPTO/PTAB gagged inventor, ignoring the Constitution, a "bulwark against oppression".**

Petitioner/inventor was denied access to the courts to give testimony on claim construction. *See Perhaps: Voice Technologies Group, Inc. v. VMC Systems*, Inc., 164 F.3d 605, 615 (Fed. Cir. 1999) ("An inventor is a competent witness to explain the invention and what was intended to be conveyed by the specification and covered by the claims.")

District Courts, PTAB, attorneys, and Respondents must abide by the Constitution and this *Mandated Prohibition* or stand to treason in breaching their solemn oaths of office and lose their jurisdiction and immunity. *Cooper v. Aaron*, 358 U.S. 1 (1958).[1]

---

[1] *Ableman v. Booth*, 62 U.S. 524 (1859); *Sterling v. Constantin,* 287 U.S. 397 (1932) on Government officials non-exempt  from absolute judicial immunity:  "no avenue of escape from the paramount authority of the…Constitution…when …exertion of…power… has overridden private rights secured by that Constitution, the subject is necessarily one for judicial inquiry…against…individuals charged with the transgression."

1. **AIA, *Oil States, Alice* and Inferior Court rulings are *ex-post facto* laws, bills of attainder, violate Separation of Powers, and Contract Clauses of the Constitution.**

AIA Reexamination provision declared inventors deprived. *State v. Cummings*, 36 Missouri 263.

> "*Such a strange construction would render constitutional provisions of the highest importance completely inoperative and void.*" Webster's works Vol V., p 487; *Dartmouth College* (1819).

U.S. Const., Art. I, §§9 and 10, furnish to individual liberty, <u>ample protection against the exercise of arbitrary power</u>, prohibit the enactment of *ex post facto* laws by Congress. **<u>The U.S. Constitution prohibits the passing of any law impairing the obligation of contracts</u>** and was applied by the Supreme Court in 1810 and reaffirmed subsequently to secure private rights.

All courts should subsequently follow the Supreme Court's *Fletcher* ruling rather than its unconstitutional *Oil States* and *Alice* decisions, the law of the Supreme Court in *Fletcher* being *per se* justice, **<u>the controlling authority and reigns supreme as the Law of the Land</u>**.

## I.
## BACKGROUND

1. **Petitioner invented the Internet of Things (IoT) — Web Apps displayed on a Web browser — her dozen patents have a priority date of 1995, when two-way real-time Web transactions from Web Applications were non-existent**.

Respondents and the Government benefited by trillions of dollars from Petitioner's

patents — exemplified in Web banking, Apple's iPhone App Store with 2M+ Web apps (pre-packaged in China and imported into the United States), SAP's financial Web Apps, Google Play, Facebook's social networking. JPMorgan's website states it has over 7000 Web apps in use in just ***one*** Business Unit.

## 2.  Proceedings of District Courts and PTAB

Respondents SAP and Microsoft filed 18 CRU/IPR/CBM re-exams at the PTAB and DJ Actions against Petitioner to declare non-infringement of Petitioner's patents, U.S. Patent Nos. 8,037,158; 5,987,500; and 8,108,492, on the FALSE CLAIM of a falsely alleged collateral estoppel from void Orders by a financially conflicted Judge Andrews who admitted buying direct stock in JPMorgan Chase & Co. during the pendency of Petitioner's case against that litigant, Case 12-282-RGA/SLR/RGA, without considering material *prima facie* intrinsic evidence of Patent Prosecution History, that proves that Petitioner's patent claim terms are **not** indefinite and patent claims are **not** invalid **nor not** enabled.  Courts and PTAB  ruled in favor of Respondents, without a hearing, acting as Respondents' attorney, <u>without considering material *prima facie* intrinsic evidence of Patent Prosecution History (that proves that Respondents' collateral estoppel theory is false), or the Law of the Case or Law of the Land or enforcing Governing Supreme Court Precedents – the *Mandated Prohibition* from repudiating Government-issued patent contract grants</u> as declared by Chief Justice Marshall in *Fletcher, Dartmouth College,* on the false

claim of a falsely alleged collateral estoppel <u>without proof</u>, condemning without inquiry, nor applying Patent Statutes or <u>Federal Circuit's *Aqua Products'* ruling that reversed all Orders by courts and PTAB that failed to consider "the entirety of the record" – Patent Prosecution History</u>. All court and PTAB Orders are ERRONEOUS AND FRAUDULENT. Courts made it expensive, hazardous and burdensome for Petitioner to have access to the court, in violation of the Constitutional provision. She is entitled to Constitutional redress.

Judge Andrews' Order in Petitioner's 12-282-RGA (D.Del.) is void. District Court(s) and PTAB rendered Orders <u>without jurisdiction</u>, dismissed the case <u>without a hearing</u>, denied Petitioner due process in contravention of the Due Process Clause of the Fifth, Seventh, Eighth and Fourteenth Amendments. Judges warred against the Constitution in treasonous breach of their solemn Oaths of Office, not enforcing the Supreme Law(s) of the Land *Mandated Prohibition* declared by Chief Justice Marshall in *Fletcher* against repudiating Government-Issued Patent Contract Grants by the highest authority; lost their jurisdiction. Their Orders are void. Respondents and PTAB have not proven an Exemption from the Mandated Prohibition.

District Court and PTAB Order(s) are void, predicated upon fraudulent and erroneous renditions of the case and the law, not consistent with Procedural Rules and 'Law of the Case' and 'Law of the Land.'

The courts failed to consider that the claims of the patents-in-suit falsely

alleged as invalid are **_not_** invalid, because the *JPMorgan Court* 12-282-SLR/RGA (D.Del.) failed to consider Patent Prosecution History, which had already established the claim construction of the terms alleged falsely as "indefinite" by JPMorgan, as **_not_** indefinite. Based on this Fraudulent and Erroneous   decision by the *JPMorgan Court* procured fraudulently by JPMorgan, the *Fulton Court* 14-490-RGA (D.Del.) — and financially conflicted Judge Andrews <u>fraudulently concealed from the Court</u> that Patent Prosecution History was not considered by the *JPMorgan Court* or *the Fulton Court* and propagated to all tribunals a false theory of Collateral Estoppel, moot because:

(i) <u>Judge Andrews is financially conflicted, by his own admission of buying direct stock in JPMorgan Chase & Co. during the pendency of the case.  His Orders are void.</u> **_There can be no collateral estoppel from void Orders_**. No one can collaterally estop and *Fletcher.*

(ii) Patent Prosecution History estops the alleged collateral estoppel, proven *prima facie* by

(iii) Federal Circuit's *Aqua Products'* reversal of Orders that failed to consider "the entirety of the record" —Patent Prosecution History (*which courts  and PTAB **disparately** <u>failed to apply in my case</u>*); and

(iv) The Supreme Court's precedential '*First Impression*' Constitutional *Res Judicata <u>Mandated Prohibition</u>* from repudiating Government-

Issued Contract Patent Grants declared by Chief Justice Marshall himself in *Fletcher* that **a Grant is a Contract** and reaffirmed in *Dartmouth College* (1819), *et al*.

District Courts and PTAB *collusively* adjudicated in a <u>*concerted*</u> conspiracy as part of a corrupt enterprise, without considering Patent Prosecution History, *Aqua Product*s' reversal, the Constitution or the "*Fletcher Challenge*" or *Arthrex* or *VirnetX* reversals. They failed to give Petitioner Equal Protection of the Laws and access to justice and to the courts — ***<u>object</u>*** — to avoid ***<u>enforcing</u>*** the *countervailing:* ***'Mandated Prohibition'*** **—** incidentally — comforting the abusive object of <u>SAP's (18) requests to reexamine Petitioner's patent contract grants</u>.

1. **FALSE CLAIM OF <u>COLLATERAL ESTOPPEL FROM VOID ORDERS</u> BY JUDGE ANDREWS, WHO ADMITTED BUYING DIRECT STOCK IN JPMORGAN DURING THE PENDENCY OF THAT CASE 12-282-RGA (D. DEL.) AND PTAB JUDGES MCNAMARA AND SIU, WHOSE FINANCIAL DISCLOSURES EVIDENCE DIRECT STOCK IN MICROSOFT AND IBM, REFUSED TO RECUSE, AND RETALIATED AGAINST PETITIONER**.

Judge Andrews admitted himself in the Court records three years into Petitioner's JPMorgan Case 12-282-RGA (D.Del.) that he bought direct stock in JPMorgan Chase & Co. **He lost subject matter jurisdiction in *all* of Petitioner's cases, yet failed to recuse**. **His Orders are void in *all* of Petitioners cases** he presided over. PTAB Judges McNamara's and Siu's direct stock in Microsoft, as disclosed in their Financial Disclosure Statements,  and failing to recuse makes **all**

Orders **VOID** in all the 15 IPR/CBM re-exams and 3 CRU re-exams of Petitioner's

patents at the USPTO/PTAB — material *prima facie* evidence Judge Andrews and

PTAB Judges McNamara and Siu **lost jurisdiction;** and engaged in obstruction of

justice and oppressed Petitioner, in *Fulton Financial Corporation* Case 14-490-

RGA (D.Del.) on Petitioner's virgin, unadjudicated Patent, her U.S. Patent No.

8,271,339 ("the '339 patent") and in the PTAB IPR/CBM Reviews and CRU re-

exams of Petitioner's patents. **ANY Orders DERIVING from those VOID Orders**

**are themselves NULL**. Judges and lawyers repeatedly made <u>False Official</u>

<u>Statements</u> and False Claims of *collateral estoppel from void Orders* and made a

false propaganda and disseminated the **FALSE CLAIM** of *collateral estoppel from*

*void Orders* to every District and Appellate Court and PTAB. Respondents

perpetrated the fraud, started by JPMorgan Chase & Co., carried on to the *Fulton*

*Court* 14-490-RGA (D.Del.), and thereafter to every District and Circuit Court, and

to the PTAB, precipitating the <u>Constitutional crisis/emergency</u>.

2.     Dr. Arunachalam IS **A CONSTITUTIONAL WARRIOR AND PATRIOT**.
**THIS COURT MUST ADDRESS SECURITY CONCERNS RAISED BY
VICTIM AND WITNESS** Dr. Arunachalam **WHO HAS BEEN
THREATENED BY JUDGES ANDREWS, DAVILA AND
RESPONDENTS, AS A RESULT OF HER DEFENDING HER
PROPERTY RIGHTS AND CONSTITUTIONAL RIGHTS.**

Judges, lawyers and Respondents abused and harassed Petitioner, libeled

and defamed her, denied her due process, for defending the Constitution. **Courts**

**and PTAB <u>denied due process</u> to Petitioner.** They aided and abetted the theft of

Petitioner's significant inventions and intellectual property, from which Respondents benefited by trillions of dollars; the despicable display of judicial fraud, **in a cover-up of judges' own misconduct**. Judge Andrews, PTAB Judges McNamara, Siu and other Federal judges have not complied with the law nor have they served the public interest.

**District Courts and PTAB *disparately* denied Petitioner her protected rights to a neutral judge with no financial conflicts of interest in her opponent**, Patent Prosecution History and the Federal Circuit's *Aqua Products*' reversal of all Orders that failed to consider "the entirety of the record" — Patent Prosecution History — and failed to apply Patent Statutes. In those courts and PTAB, Respondents, attorneys and the Judiciary made False Official Statements and false claims to the Government of collateral estoppel from Void Orders, when Judge Andrews admitted himself he bought direct stock in JPMorgan during the pendency of that case 12-282-RGA (D.Del.) and Judge Robinson recused due to her own conflicts of interests along with Jan Horbaly of the Federal Circuit, and without those Courts considering *prima facie* material evidence of Patent Prosecution History. Respondents *knowingly and intentionally* made **FALSE CLAIMS** to and defrauded the United States Government of trillions of dollars — **the biggest contract fraud, theft and heist of intellectual property in the history of the United States**.

**3.** **FALSE CLAIM OF COLLATERAL ESTOPPEL FROM VOID ORDERS FROM JUDGE WITH NO JURISDICTION, FURTHER**

**WITHOUT CONSIDERING PATENT PROSECUTION HISTORY.**

Respondents made a false claim that Petitioner's JPMorgan Case 12-282-RGA (D.Del.) rulings on her '500, '492 and '158 patents collaterally estop her PTAB Cases and Fulton Financial Corporation Case No. 14-490-RGA (D.Del.) on the unadjudicated '339 and '340 patents and concealed from the Government that the *JPMorgan Court*, *Fulton Court*, failed to consider Patent Prosecution History, material *prima facie* evidence that Petitioner's patent claims are ***not*** invalid and that the claim terms are ***not*** indefinite.

4. **FALSE CLAIM THAT FEDERAL CIRCUIT'S *AQUA PRODUCTS'* REVERSAL OF ALL ORDERS THAT DID NOT CONSIDER "THE ENTIRETY OF THE RECORD"—PATENT PROSECUTION HISTORY— DOES NOT APPLY *ONLY* TO PETITIONER.**

Judges, lawyers and Respondents *disparately* denied Petitioner her protected rights to Patent Prosecution History, and the reversal in *Aqua Products.*

5. **FALSE CLAIMS OF PRIOR ART BY RESPONDENTS TO FILE AND INSTITUTE SERIAL 18 IPR/CBM/CRU RE-EXAMS IN USPTO/PTAB.**

Respondents *knowingly and intentionally* made false claims of prior art to defraud the Government and engaged in waste, fraud and abuse of Government resources. IBM, Microsoft and SAP signed NDAs with Petitioner in 1995-2003. Microsoft's CTO and IBM executives interviewed with Petitioner's company in 1995, 1996. They agreed there was ***no prior art*** then, and that the claim terms were enabled, had full written description and ***not indefinite*** and that the patent claims are

valid; and offered to buy Petitioner's patents in 2003-2006, SAP offered $100M. How could there be prior art in 2008-2020, if there was no prior art in 1995?

## 6. FALSE CLAIM OF INVALIDITY OF PATENT CLAIMS AND INDEFINITENESS BY FAILING TO CONSIDER PATENT PROSECUTION HISTORY.

Respondents *knowingly and intentionally* made false claims of invalidity of patent claims and indefiniteness, knowing full well that the Patent Prosecution History of Petitioner's patents has cast in stone the construction of claim terms in her granted patents, and that claims and claim terms are not indefinite nor invalid nor *not* enabled.

## 7. FALSE CLAIMS THAT SUPREME COURT'S PRECEDENTIAL RULINGS BY CHIEF JUSTICE MARSHALL THAT A GRANT IS A CONTRACT AND CANNOT BE REPUDIATED BY THE HIGHEST AUTHORITY — THE LAW OF THE LAND — DO NOT APPLY.

Respondents *knowingly and intentionally* made false claims.

## 8. BIG PICTURE POINTS TO OBSTRUCTION OF JUSTICE, OVERT CONSPIRACY, ANTITRUST.

Microsoft and SAP filed 18 re-exams and IPR/CBM reviews against Petitioner and made false claims to the Government in an egregious waste, fraud and abuse of Government resources. Respondent(s) cannot claim prior art, when they found none in 1995 when they signed NDAs with Petitioner. They concealed material *prima facie* evidence of Patent Prosecution History and defrauded the courts with false claims. Even after the Federal Circuit's *Aqua Products'* reversal, courts

and PTAB failed to enforce the *Mandated Prohibition* from repudiating patent contract grants delineated in *Fletcher* et al. Judges and PTAB oppressed Petitioner/inventor and took away her rights, comforting antitrust violations by Respondent(s). Judges, PTAB and Respondents' overt conspiracy against Petitioner's rights has had a devastating effect on the public. **Their overt and covert war on the Constitution has killed the entire patent system**. Judge Andrews and PTAB Judge McNamara admitted direct stock holdings in JPMorgan Chase & Co. and Microsoft. They engaged in taking retaliatory action and going out of the way to discriminate against Dr. Arunachalam for being a **Patriot** defending the Constitution, continuing unabated with no signs of fairness or remedy — and made willful false claims *knowingly and intentionally* and defrauded the Government, in a collusive conspiracy with USPTO/PTAB, Legislature and Respondents. Judges represented Respondent(s), comforting them in violating anti-trust laws. Judges warred against the Constitution and denied Petitioner access to justice, so as not to hear her case, to avoid enforcing the *Mandated Prohibition* from repudiating Government-issued patent contract grants as delineated in *Fletcher, Dartmouth College* and Governing Supreme Court Precedents.

## 9. JUDICIARY AND PTAB DENIED PETITIONER ACCESS TO THE COURTS.

Judges Andrews and Davila acted as attorney to Respondent(s), vacated Hearing(s), dismissed her cases for false, manufactured reasons against Petitioner for being a

Patriot defending the Constitution, for crimes committed by Respondents, <u>Judges and lawyers</u>. District Court Judges, and USPTO/PTAB Administrative Judges McNamara, Siu and Turner and Respondent(s) *intimidated and harassed 72-year old, single, disabled female* inventor.

**10. BIAS AGAINST** Dr. Arunachalam's **RACE**

The Judiciary and PTAB denied Petitioner **<u>electronic filing for no logical reason</u>** and ridiculed her speech disability, except for bias against her race. They failed to docket her filings, removed her filings from the docket for moving to recuse Judges Andrews and PTAB McNamara due to their direct stock holdings in JPMorgan Chase & Co. and Microsoft. PTAB Judge McNamara *disparately* required Petitioner to call teleconference meetings with the PTAB and SAP to request her filings be docketed.

**11. RESPONDENTS VIOLATED 35 USC §282:** which states:

"A patent **shall be presumed valid**. Each claim of a patent (whether in independent, dependent, or multiple dependent form) **shall be presumed valid** independently of the validity of other claims; dependent or multiple dependent claims **shall be presumed valid** even though dependent upon an invalid claim. ...The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity."

**12. RESPONDENTS <u>FAILED</u> TO FURNISH THE BURDEN OF PROOF OF "CLEAR AND CONVINCING EVIDENCE" OF PATENT INVALIDITY.**

<u>District Court and PTAB Judges denied Petitioner due process and acted as Respondents' attorneys</u>, manufacturing false reasons to dismiss her case in an egregious abuse of judicial power under the color of law and authority. Respondents falsely argued Patent invalidity "without clear and convincing evidence."

13.   "**STANDARDS OF <u>PROOF ON INVALIDITY</u> ARE PART OF A VERY COMPLICATED CALCULUS.**" *See* Roberta Morris: pp. 9, 3 in **Case No. 10-290,** *Microsoft v i4i*:

p.6:   ("Prosecution history" refers to the record, required to be in writing, 37 CFR §1.2, of the exchanges between the applicant and the USPTO."

"<u>**STANDARD OF PROOF WILL REQUIRE THE TRIAL JUDGE TO ANALYZE THE PROSECUTION HISTORY**</u>.
p. 12: "… keep attention on the core issues: a comparison of the claimed invention to the prior art and to the patent's disclosure of how to make and use the invention. **Those inquiries would not become stepchildren to a dispute over how well or ill the Patent Office did its job**."

14.   **COMPLEX WHITE COLLAR CRIME**
This Court must proactively deter crimes against the public trust, false claims,

and government contract fraud. <u>Respondents', PTAB's and the lower courts'</u>

<u>offenses have a national impact including violations of the FALSE CLAIMS ACT</u>.

They concealed material *prima facie* evidence.

Aiding and abetting the theft of Petitioner's Patents on "The Internet of

Things (IoT) —Web apps displayed on a Web browser," **is an act of Treason for**

**those under oath to the United States Constitution.**

15.   **TRESPASS UPON CONTRACT BETWEEN INVENTOR AND USPTO**
Any collateral attack on this Contract is in bad faith and is a criminal

trespass.

16.   **NATIONAL SECURITY**
**<u>Respondents' violations of the Constitution and False Claims Act</u>** threatens our

nation's security in killing innovation by bullying and threatening Petitioner, a key witness and inventor of significant inventions, and allowing infringing products to come into the nation manufactured in China, hurting the domestic economy.

## RELIEF SOUGHT

Petitioner respectfully requests that this Court Order the District Courts and PTAB and U.S. Court of Federal Claims to:

**1)** Vacate their Orders in Petitioner's Cases failing to grant Petitioner/Inventor her protected rights to the benefits of this Court's[2] *Arthrex, Inc. v. Smith & Nephew, Inc.,* No. 2018-2140, slip op. (Fed. Cir. Oct. 31, 2019) and its 5/13/20 *Virnetx Inc. v. Cisco Systems and USPTO* (intervenor) (Fed. Cir. 2020*)* rulings that the administrative patent judges (APJs) for the Patent Trial and Appeal Board were appointed unconstitutionally in violation of the Appointments Clause of the U.S. Constitution, U.S. Const., art. II, §2, cl. 2., and hence all court and USPTO/PTAB Decisions from pre- and post-AIA 17 Re-examinations/CBM/IPR Reviews of Petitioner/Inventor's patents are void and reversed;

**2)** Vacate the Orders of the District Courts and USPTO/PTAB, failing to grant Petitioner/Inventor her protected rights to the benefits of this Court's ruling

---

[2] *Arthrex* applies to: "All agency actions rendered by those [unconstitutionally appointed] APJs."

in *Aqua Products, Inc. v. Matal,* Fed. Cir. Case 15-1177, October 4, 2017, that all court and USPTO/PTAB Decisions are reversed that failed **to consider "the entirety of the record" – Patent Prosecution History – material *prima facie* evidence** that Petitioner/Inventor's patent claim terms are neither indefinite nor not enabled nor are patent claim terms invalid;

**3)** Vacate the Orders of the District Courts and USPTO/PTAB and the U.S. Court of Federal Claims, failing to enforce the prohibition of the Constitution mandated by this Court against repudiating Government-issued contract grants of any kind — the Law of the Case and the Supreme Law of the Land — Governing Supreme Court precedents as declared by Chief Justice Marshall in *Fletcher v. Peck* (1810), *et al*;

**4)** Reassign Petitioner's Cases 16-358-RTH (COFC); 14-373-RGA; 15-259-RGA; 12-282-RGA; 14-490-RGA; 16-281-RGA; 13-1812-RGA; 12-355-RGA, 14-91-RGA from United States Judge Holte and Judge Andrews to another Judge for further proceedings in Petitioner's said Cases.

## ISSUES PRESENTED

Whether the District Courts, U.S. Court of Federal Claims and USPTO/PTAB exceeded their authority, breached their oaths of office, and egregiously abused their discretion by *disparately* failing to grant Petitioner/Inventor's Motions to:

**1)** Vacate and Remand in Light of the Federal Circuit's *Arthrex* and *VirnetX*

rulings that the administrative patent judges (APJs) for the Patent Trial and Appeal Board were appointed unconstitutionally **in violation of the Appointments Clause of the U.S. Constitution**, U.S. Const., art. II, §2, cl. 2;

2) Vacate the Orders of the District Courts and USPTO/PTAB, failing to grant Petitioner/Inventor her protected rights to the benefits of this Court's ruling in *Aqua Products, Inc. v. Matal,* Fed. Cir. Case 15-1177, October 4, 2017, that all court and USPTO/PTAB Decisions are reversed that failed **to consider "the entirety of the record" – Patent Prosecution History – material** *prima facie* **evidence** that Petitioner/Inventor's patent claim terms are neither indefinite nor not enabled nor are patent claims invalid; and

3) Vacate the Orders of the District Courts and USPTO/PTAB and the U.S. Court of Federal Claims, failing **to enforce the prohibition of the Constitution mandated by the Supreme Court** against repudiating Government-issued contract grants of any kind — the Law of the Case and the Supreme Law of the Land — *stare decisis* Governing Supreme Court Precedents as declared by Chief Justice Marshall in *Fletcher v. Peck* (1810), *Trustees of Dartmouth College v. Woodward*, 17 U.S. 518 (1819); *et al.*

## FACTS

1. Delaware District Court Judge Andrews admitted 3 years later in the court

21

docket that he bought direct stock in JPMorgan Chase & Co. during the pendency of Petitioner's Case 12-282-RGA/SLR/RGA against that litigant, lost subject matter jurisdiction in **all** of Petitioner's cases he presided over and failed to recuse. His Orders are void in all of Petitioner's cases he presided over.

2.   Delaware District Court failed to consider "the entirety of the record" – Patent Prosecution History - **material** ***prima facie*** **evidence** <u>that Petitioner/Inventor's patent claim terms are neither indefinite nor not enabled nor are patent claims invalid</u> and *disparately* failed to apply the Federal Circuit's *Aqua Products* ruling that reversed all court and PTAB Orders that failed to do so.

3.   Delaware District Court made **False Official Statements** that the Orders from Petitioner's Case 12-282-RGA/SLR/RGA for 3 patents collaterally estop all of Petitioner's cases involving her remaining 8 patents and propagated a false collateral estoppel theory from void Orders by a financially conflicted Judge. All District Courts perpetrated the Erroneous and Fraudulent Decision and the false Collateral Estoppel and dismissed Petitioner's cases, without a hearing nor a case management conference. *Fletcher* cannot be estopped by any false collateral estoppel which is further estopped by Patent Prosecution History Estoppel and by **the prohibition of the Constitution mandated by the**

**Supreme Court** against repudiating Government-issued contract grants of any kind — the Law of the Case and the Supreme Law of the Land — *stare decisis* Governing Supreme Court Precedents as declared by Chief Justice Marshall in *Fletcher v. Peck* (1810) *et al*.

4.  All courts collusively followed the same pattern, obstructed justice, failed to consider Patent Prosecution History, Federal Circuit's *Aqua Products* reversal of all such Orders that failed to consider "the entirety of the record' – Patent Prosecution History, and failed to enforce **the prohibition of the Constitution mandated by the Supreme Court** against repudiating Government-issued contract grants of any kind — the Law of the Case and the Supreme Law of the Land — *stare decisis* Governing Supreme Court Precedents as declared by Chief Justice Marshall in *Fletcher v. Peck* (1810), *et al*.

5.  USPTO/PTAB Judges McNamara and Siu were financially conflicted as per their Annual Financial Disclosure Statements. They held direct stock in Microsoft, which filed the Re-exams against Petitioner' patents. They failed to recuse, retaliated against Petitioner for pointing out their financial conflicts of interest, sanctioned her by revoking her ECF filing capabilities and *disparately* requiring her to call a teleconference meeting with the PTAB and SAP for leave to file and docket any of her filings, and threatened to invalidate

23

her patents.

**6.** Courts made it expensive, hazardous and burdensome for Petitioner to have access to the court, on the question of due process itself, in violation of the Constitutional provision. Dr. Arunachalam is entitled to Constitutional redress. ***See* ALP VOL. 12. CONST. LAW, CH. VII, SEC. 1, §141. With respect to Fundamental, Substantive, and Due Process Itself:**

> "Any process or Court…adjudicating a contract by estopping a material part of it from being considered *prima facie* denies a litigant due process entitlement to an honest, though not learned tribunal; and if injured by the corruption or fraud of the court is entitled to redress." [ALP VOL. 12. CONST. LAW, CH. VII, SEC. 1, § 140];

> "and final decisions upon the ultimate question of due process cannot be conclusively codified to any non-judicial tribunal. Any attempt to do this whether by direct denial of access to the courts upon this question of due process by hindering access to the courts or making resort to the courts upon it **difficult, expensive, hazardous,** all alike violate the Constitutional provision." [§141]

### REASONS WHY THE WRIT SHOULD ISSUE

## I. Introduction

District courts/PTAB disregarded the constitutional imperative of a "case and controversy" and the "separation of powers" that invests the power to adjudicate and enforce the prohibition mandated by the Constitution in *Fletcher*, *Dartmouth College*, and other Governing Supreme Court Precedents – The Law of the Case and Supreme Law of the Land - in the Judiciary. Chief Justice Marshall declared in

*Dartmouth College*: "The law of this case is the law of all… it applies to contracts of all descriptions… <u>there is nothing for the Courts to act upon</u>…" but just to enforce the Constitution and *Fletcher*.  In the American system, the parties "frame the issues for decision" while the courts take the role of "neutral arbiter of matters the parties present." *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). But, here, the courts and PTAB and <u>financially conflicted Judges</u> acted as attorneys to Respondents and went out of the way to not enforce *Fletcher* and breached their solemn oaths of office. Dr. Arunachalam defending the Constitution are not "scurrilous" attacks on the Judiciary. Courts and PTAB sanctioned her for defending the Constitution.

## II.    Standard of Review

While, "[a] mandamus petitioner must demonstrate that its right to the writ is 'clear and indisputable,'" *Fokker Servs.*, 818 F.3d at 749, "numerous  decisions of the Supreme Court…made clear...Mandamus serves as a check on …'<u>usurpation of judicial power</u>.'" *Id* at 750. "The traditional use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has been to <u>confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so</u>." *Roche v.  Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943).

While every mandamus petition must meet the familiar three-factor test, namely that (i) the Petitioner has no adequate alternative remedy for obtaining the

relief he desires; (ii) his right to relief is clear and indisputable; and (iii) he persuades the court that, in the exercise of its discretion, the writ is appropriate under the circumstances, *Fokker Servs*., 818 F.3d at 747, "[w]hen the writ of <u>mandamus is sought from an appellate court **to confine a trial court to a lawful exercise of its prescribed authority, the court should issue the writ almost as a matter of course**</u>." *In Re Reyes*, 814 F.2d 168, 170 (5th Cir. 1987). If there is "a threshold question concerning ... jurisdiction to review the district court's interlocutory order ... [this Court] first consider[s] whether the district court legally erred." *Fokker Servs*., 818 F.3d at 740.

## III.    Inferior Courts/PTAB Legally Erred.

Binding Supreme Court and Federal Circuit precedents[3] squarely foreclose District and Circuit courts' determination by <u>financially conflicted</u> Judges (District Court Judge Andrews, PTAB Judges McNamara and Siu) to *disparately* deny Petitioner/Inventor her protected rights to the benefits of the Federal Circuit's *Arthrex* and *Virnetx* rulings that voided all PTAB rulings because the PTAB Administrative Patent Judges were appointed **in violation of the Appointments**

---

[3] *Arthrex* applies to: "All agency actions rendered by those [unconstitutionally appointed] APJs."
(i)      *Arthrex, Inc. v. Smith & Nephew, Inc.,* No. 2018-2140, slip op. (Fed. Cir. Oct. 31, 2019);
(ii)     *Virnetx Inc. v. Cisco Systems and USPTO* (intervenor) (Fed. Cir. 5/13/2020*)*.
(iii)    *Aqua Products Inc. v. Matal*, Fed Cir. Case 15-1177, October 4, 2017 reversed all Orders by courts and PTAB that failed to consider "the entirety of the record" – Patent Prosecution History.

**Clause of the U.S. Constitution**, U.S. Const., art. II, §2, cl. 2; the Federal Circuit's *Aqua Products* ruling that reversed all court and PTAB rulings that did not consider "the entirety of the record" – Patent Prosecution History; the Supreme Court's *Festo Corp. v Shoketsu Kinzoku Kogyo Kabushiki Co*., 535 U.S. 722 (2002) ruling that restrains the lower courts from *disparately* failing to consider Patent Prosecution History in Petitioner's cases; and the Supreme Court's *stare decisis* **prohibition of the Constitution it mandated** against repudiating Government-issued contract grants of any kind — the Law of the Case and the Supreme Law of the Land — *stare decisis* Governing Supreme Court Precedents as declared by Chief Justice Marshall in *Fletcher v. Peck*, 10 U.S. 87 (1810), *Trustees of Dartmouth College v. Woodward*, 17 U.S. 518 (1819); *Ogden v. Saunders*, 25 U.S. 213 (1827); *Grant v. Raymond,* 31 U.S. 218 (1832); *U.S. v. American Bell Telephone Company*, 167 U.S. 224 (1897); and the courts continue in their persecution of the Petitioner/inventor in denying her substantive and procedural due process, <u>denying her rights to a neutral judge</u>, <u>denying her property rights and constitutional rights</u>, and <u>making it expensive, hazardous and burdensome for her to have access to justice and to the courts on the question of due process itself all alike violate the Constitutional provision</u>, ALP VOL. 12. CONST. LAW, CH. VII, SEC. 1, §141. <u>Petitioner is entitled to Constitutional Redress</u>.

The inferior courts' Orders failed to enforce the Constitution, the Supreme

Court's *stare decisis* **prohibition of the Constitution mandated by the Supreme Court** against repudiating Government-issued contract grants of any kind — the Law of the Case and the Supreme Law of the Land; the Contract Clause and Separation of Powers Clause of the Constitution; and are *disparately* in **violation of the Appointments Clause of the U.S. Constitution**, U.S. Const., art. II, §2, cl. 2 contrary to the Federal Circuit's rulings in *Arthrex* and *Virnetx*. Their Orders in breach of their solemn oaths of office are both unauthorized and bespeak a disturbing lack of appreciation of the court's limited role when confronted with their duty to enforce the law of the Land as delineated in Chief Justice Marshall's *stare decisis* **prohibition of the Constitution mandated** against repudiating Government issued contract grants of any kind — the Law of the Case and the Supreme Law of the Land.

## IV. This is the Rare Case Where Mandamus is Warranted.

Government misconduct by the District Court, USPTO/PTAB and Congress' unconstitutional America Invents Act violating **the Appointments Clause of the U.S. Constitution**, U.S. Const., art. II, §2, cl. 2., the Contract Clause and Separation of Powers Clause of the Constitution and *stare decisis* **prohibition of the Constitution mandated by the Supreme Court** against repudiating Government issued contract grants of any kind — the Law of the Case and the Supreme Law of the Land and suppressing material *prima facie* evidence — Patent Prosecution

History that Petitioner's patent claims are neither invalid nor claim terms indefinite, provide a more-than sufficient basis for granting this Mandamus. An innocent Senior Citizen, single, disabled  72-year old female inventor of color of significant inventions of the Internet of Things (IoT) — Web Apps displayed on a Web browser, that have enabled the nation to function remotely during COVID,  has been the target of elder abuse, fraud and obstruction of justice by financially conflicted Judges, who know that they cannot invalidate granted patents contrary to the *stare decisis* **prohibition of the Constitution mandated by the Supreme Court** against repudiating Government issued contract grants of any kind — the Law of the Case and the Supreme Law of the Land, the Contract Clause and Separation of Powers Clause of the Constitution.  The egregious Government misconduct, and the seven-year abuse of elderly, disabled Dr. Ms. Lakshmi Arunachalam, injuring her physical health, subjecting her to emotional duress, and theft of her intellectual property and patents by Corporate Infringers  aided and abetted by the USPTO, Congress and financially conflicted Judges,  cry out for ending this ordeal immediately and permanently.

The inferior Court's Orders reveal their plan  to obstruct justice in Petitioner's cases indefinitely, rubbing salt in her open wound from the Government's misconduct and threatening her with sanctions and sanctioning her  with cruel and unusual punishment, falsely dubbing her  "frivolous and malicious" with all

evidence pointing to the contrary, particularly for Dr. Arunachalam defending the Constitution and asking the Government, Congress, Judiciary and USPTO/PTAB to enforce the Constitution and the *Fletcher* Challenge.

Petitioner has no alternative avenue of relief, her right to relief is "clear and indisputable" and, in these extraordinary circumstances, issuance of the writ is not just appropriate, it follows "as a matter of course." *In Re Reyes*, 814 F.2d at 168. Petitioner's cases require the courts to enforce the *stare decisis* **prohibition of the Constitution mandated by the Supreme Court** against repudiating Government issued contract grants of any kind — the Law of the Case and the Supreme Law of the Land, as declared by Chief Justice Marshall in *Fletcher v. Peck* (1810), *et al* and the Contract Clause and Separation of Powers Clause of the Constitution.

## V. Petitioner's Right to Relief is "Clear and Indisputable," And She Has No Alternative Avenue of Relief.

Petitioner has already suffered an unimaginable ordeal at the hands of unscrupulous, lawless, financially conflicted Judges (Andrews, McNamara, Siu) who have failed to enforce the Law of the Land, and a seven-year abuse of elderly, disabled female Petitioner/Inventor, injuring her physical health, subjecting her to emotional duress, and theft of her intellectual property and patents by Respondents, aided and abetted by the USPTO, Congress and financially conflicted Judges. She has suffered from the defamation and libel by the courts, PTAB Judge McNamara, Respondents and their attorneys engaged in unlawful Solicitations to Solicitees, the

Judges, under cover of privileged documents filed in court. She reveres our nation, for which she has risked her life — financial ruin, mental anguish and physical injury caused by financially conflicted Judges obstructing justice and hindering access to the court, for which she is entitled to Constitutional redress.

<u>The wrongful and wasteful failure to enforce *Fletcher* and *Dartmouth College* must end. Since the inferior courts refuse, Petitioner must ask this Court to order the inferior courts to comply with the controlling precedents of the Supreme Court and of the Federal Circuit</u>. The Judiciary and USPTO/PTAB continuing in this fashion does not serve the interests of the public or the United States or inventors.

## VI. Issuance of the Writ is Appropriate.

Petitioner, through no fault of her own, has been drawn into a nightmare of Judges failing to enforce the Supreme Court's *stare decisis Mandated Prohibition* from repudiating government issued patent contract grants. She has been subjected to deception, abuse, penury, obloquy, and humiliation. Having risked her life in service to her country, she has found herself the target of elder abuse and obstruction of justice designed to strip her of her honor and savings, and to deprive her of her patent properties. She has been dragged through the mud and forced, through the artful withholding of information material *prima facie* evidence of Patent Prosecution History, crucial to the falsity of Judges' <u>False Official Statements</u> that falsely allege that her patent claims are indefinite and invalid. Having at last, through

the relentless determination of her current counsel, namely, herself, as self-represented litigant, brought the truth to light, she now learns that the judge who is charged with adjudicating her case impartially has, in Judge Posner's words, decided to "play[] ... Attorney" to the Respondents. Equity demands an end to this nightmare and restoration of Petitioner's virgin patent properties and peace of mind.

The reputation of the judiciary is in jeopardy. As Chief Justice Roberts stated at his confirmation hearings, the function of a judge in our system of government is to "call balls and strikes, and not to pitch or bat."…" The inferior court "in this case has abandoned any pretense of being an objective umpire" — going so far as to sanction Petitioner for asking the Court to enforce the *stare decisis* **prohibition of the Constitution mandated by the Supreme Court** against repudiating Government issued contract grants of any kind — the Law of the Case and the Supreme Law of the Land, as declared by Chief Justice Marshall in *Fletcher v. Peck* (1810), *et al*; and the Contract Clause, Separation of Powers Clause and **the Appointments Clause of the U.S. Constitution**, U.S. Const., art. II, §2, cl. 2.

Confidence in the rule of law, and the willingness of federal judges to administer it impartially, will continue to erode, if this Court fails to put a swift end to this debacle.

## VII.   The Court Should Order these Cases Re-Assigned to Another Judge from Judges Andrews, Holte, others.

Judges Andrews' and Holte's manifest confusion about the facts of this case,

and procedural irregularities and falsely accusing Petitioner as "vexatious" for defending the Constitution and Judge Andrews' cruel and unusually punitive intentions are well documented and is "the very antithesis of calling balls and strikes." Judge Andrews sanctioning Petitioner $150K and Judge Holte hiding Petitioner's documents without filing and docketing them to cover up his own culpability and lawlessness — bespeaks judges not only biased against Petitioner, but not doing their duty to enforce the Law of the Land. "This is an umpire who has decided to steal public attention from the players and focus it on himself. He wants to pitch, bat, run bases, and play shortstop. In truth, he is way out in left field."

District Judge Andrews's outrage at Petitioner does reveal "a 'deep-seated ... antagonism that would make fair judgment impossible.' Liteky, 510 U.S. at 555."

If the Court grants the principal relief Petitioner seeks, Petitioner, the Judiciary, USPTO and Congress, and the appearance of justice will best be served by having another judge — one who has not implied that Petitioner is "vexatious" for defending the Constitution — conduct any further proceedings in the case(s).

## VIII. PETITIONER'S PATENTED INVENTIONS ARE MISSION-CRITICAL TO U. S. GOVERNMENT'S OPERATIONS.

Respondents stole Petitioner's patents and distributed its use to everyone including the U.S. Government, realizing unjust enrichments in the trillions of dollars. Inferior courts and PTAB deprived Petitioner of the payment for each Web transaction/per Web application in use, which they allowed Respondents to steal.

J. Marshall declared in *Fletcher*:  **'Crime by the Adjudicators':**

"This rescinding act" "would have the effect of an *ex post facto* law. It forfeits the estate of" Petitioner "for a <u>crime not committed by Petitioner, but by the Adjudicators</u> by their Orders which "unconstitutionally impaired" the patent grant contract with Petitioner, which, "as in a conveyance of land, the court found a contract that the grant should not be revoked."

**CONCLUSION: The fact of the matter — the State of the Union** — is:  there is no middle ground.  The Court is not fooling anyone. The inferior courts, PTAB and Congress concertedly share a common objective — to remain silent as fraud, willfully and wantonly avoiding enforcing *Fletcher* and the Supreme Court's and Federal Circuit's Governing Precedents.  They know why — because enforcing *Fletcher* exposes the entire Patent System, operating as a criminal enterprise, defrauding the public.  Petitioner has been forced to state the obvious. The Court does not like it.  Chief Justice Roberts admitted by his recusal that the facts and the law are on Petitioner's side.

**WHEREFORE,** Petitioner respectfully requests a Writ of Mandamus ordering the inferior courts and PTAB to grant the Relief sought.

June 22, 2020                          Respectfully submitted,

**Dr. Lakshmi Arunachalam**
222 Stanford Avenue, Menlo Park, CA 94025
(650) 690-0995, laks22002@yahoo.com

*SELF- REPRESENTED* PETITIONER

**CERTIFICATE OF**
**COUNSEL/SELF- REPRESENTED PETITIONER**

I, Dr. Lakshmi Arunachalam, petitioner *pro se,* certify that as per the Court rules,

this document contains <u>7770 words</u> only, as counted by the tool available in

Microsoft WORD, and is well within the allowed word limit.


Respectfully submitted,

Dr. Lakshmi Arunachalam, a woman,
*SELF REPRESENTED PETITIONER*
222 Stanford Avenue, Menlo Park, CA 94025
(650) 690-0995; laks22002@yahoo.com

June 22, 2020

**VERIFICATION**

In accordance with 28 U.S.C. Section 1746, I declare under penalty of perjury that

the foregoing is true and correct based upon my personal knowledge.

*Lakshmi Arunachalam*

    Dr. Lakshmi Arunachalam, a woman
    *Self-Represented Petitioner*

Executed on June 22, 2020

222 Stanford Ave,
Menlo Park, CA 94025
650 690 0995
laks22002@yahoo.com

## CERTIFICATE OF SERVICE

I certify that on June 22, 2020, I filed an original of the foregoing "EMERGENCY PETITION FOR WRIT OF MANDAMUS," Appendices, Certificate of Counsel/Self-Represented Petitioner of the number of words and Verification and IFP Motion with the Clerk of the Court in the United States Court of Appeals for the Federal Circuit, by Express Priority Mail via the U.S. Postal Service for overnight delivery to:

**U.S. Court of Appeals for the Federal Circuit**,
717 Madison Pl NW, Washington, DC 20439

and I certify that on the same day, I served a copy on counsel of record for all Respondents, via email and by Express Mail via the U.S. Postal Service for overnight delivery at the following addresses:

**Richard G. Andrews**,
District Court Judge of the District of Delaware,
844 N. King St, Wilmington, DE 19801
*Respondent and Presiding Judge*;

**Phyllis J. Hamilton**,
District Court Judge of the Northern District of California, Oakland Division,
1301 Clay Street, Oakland, CA 94612
*Respondent and Presiding Judge*;

**Thomas S. Hixson**,
Magistrate Judge of the Northern District of California, San Francisco Division
450 Golden Gate Avenue, San Francisco, CA 94102
*Respondent and Presiding Judge*;

**Elizabeth D. Laporte**,
Magistrate Judge of the Northern District of California, San Francisco Division
450 Golden Gate Avenue, San Francisco, CA 94102
*Respondent and Presiding Judge*;

**Ryan T. Holte**,
Judge, U. S. Court of Federal Claims
717 Madison Pl, NW, Washington DC 20439
*Respondent and Presiding Judge*;

**Sarah E. Craven,** Associate Solicitor,
United States Patent and Trademark Office
Office of the Solicitor,
PO Box 1450, Mail Stop 8, Alexandria, VA 22313

**Scott Bolden,**
U. S. Department of Justice - Civil Div.
Post Office Box 480, Ben Franklin Station, Washington, DC 20044
(202) 307-0262; Email: scott.bolden@usdoj.gov

**SAP America, Inc.**;
**Joseph M Beauchamp,** Jones Day,
717 Texas Ave, Ste 3300, Houston, TX 77002;
832-239-3939; jbeauchamp@jonesday.com.
*Counsel for SAP*;

**Microsoft Corporation;**
**Klaus Hemingway Hamm,** Klarquist Sparkman LLP;
121 SW Salmon St., Suite 1600, Portland, OR 97204;
503-595-5300; klaus.hamm@klarquist.com
*Counsel for Microsoft.*

**JPMorgan Chase and Company**;
**Doug Nemec,** Skadden Arps Slate Meagher and Flom, LLP,
Four Times Square, New York, NY 10036;
(212) 735-2419; Douglas.Nemec@skadden.com;
*Counsel for JPMorgan Chase & Co*;

**Fremont Bancorporation and Fremont Bank; Fiserv, Inc.**;
**Ramsey M. Al-Salam;** Perkins Coie LLP,
1201 Third Avenue, Suite 4000, Seattle, WA 98101-3099;
206-359-8000; ralsalam@perkinscoie.com;
*Counsel for Fremont Bancorporation and Fremont Bank; Fiserv;*

**Wells Fargo Bank, N.A.**;
**E. Danielle T. Williams,** Winston & Strawn LLP
100 N Tryon St, Suite 2900, Charlotte, NC 28202
704.350.7790; Email: dwilliams@winston.com
*Counsel for Wells Fargo Bank;*

**Citi Group, Inc., Citicorp, CitiBank, N.A.**;
**Nicholas Hunt Jackson,** Dentons US LLP
1900 K Street NW, Washington, DC 20006
(202) 408-6463; Email: nicholas.jackson@dentons.com
*Counsel for Citi Group, Inc., CitiBank, N.A;*

**Fulton Financial Corporation**;
**E. Danielle T. Williams,** Winston & Strawn LLP

100 N Tryon St, Suite 2900, Charlotte, NC 28202
704.350.7790; Email: dwilliams@winston.com
*Counsel for Fulton Financial Corporation;*

**Presidio Bank**;
**Andrew James Isbester,** Kilpatrick Townsend & Stockton LLP
Two Embarcadero Center, San Francisco, CA 94111
415-576-0200; Email: jisbester@townsend.com
*Counsel for Presidio Bank*

**Apple, Inc.**;
**Brian E. Ferguson,** Weil Gotshal & Manges LLP, Ste 600, 2001 M Street, N.W.,
Washington, DC 20036;
202-682-7516; brian.ferguson@weil.com
*Counsel for Apple, Inc.*

**Samsung Electronics America, Inc.**;
**Anita Fern Stork , Esq.,**  Covington & Burling LLP, One Front Street, 35th Floor,
San Francisco, CA 94111; 415-591-6000; astork@cov.com
*Counsel for Samsung Electronics America, Inc.*

**Facebook, Inc.**;
**Heidi Lyn Keefe,** Cooley LLP, 3175 Hanover Street, Palo Alto, CA 94304;
650-843-5000; hkeefe@cooley.com
*Counsel for Facebook, Inc.*

**Alphabet, Inc.**;
**Ryan R. Smith,**  Wilson Sonsini Goodrich & Rosati,
650 Page Mill Road,  Palo Alto, CA 94304-1050;
650/493-9300; rsmith@wsgr.com;
*Counsel for Alphabet, Inc.*

**IBM**;
**Kevin James Culligan,** Maynard, Cooper & Gale, P.C.; 551 Fifth Avenue, Suite
2000; New York, NY 10176;
646-609-9282; kculligan@maynardcooper.com;
*Counsel for IBM.*

**Eclipse Foundation, Inc.**;
**Baldassare Vinti,** Proskauer Rose LLP, 1585 Broadway, New York, NY 10036-
8299;
212-969-3000; bvinti@proskauer.com
*Counsel for Eclipse Foundation, Inc.*

**Kronos Incorporated;**
**Dominick T. Gattuso**
Heyman Enerio Gattuso & Hirzel LLP
300 Delaware Avenue, Suite 200; Wilmington, DE 19801
(302)472-7311; Email: dgattuso@hegh.law
*Counsel for Kronos Incorporated;*

**George Pazuniak, *et al*;**
**George Pazuniak**
O'Kelly & Ernst, LLC
824 N. Market Street, Suite 1001A, Wilmington, DE 19801
(302) 478-4230; Email: GP@del-iplaw.com
*Counsel for George Pazuniak;*

**Citizen's Financial Group, Inc.;**
**Richard L. Horwitz**
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza, 6th Flr., P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000; Email: rhorwitz@potteranderson.com
*Counsel for Citizen's Financial Group, Inc.;*

**Exxon Mobil Corporation; Intuit, Inc.;**
**John Allen Yates**
Patterson & Sheridan, LLP
24 Greenway Plaza, Suite 1600, Houston, TX 77046
713-577-4817; Email: jyates@pattersonsheridan.com
*Attorneys for Exxon Mobil Corporation;*

**Lyft, Inc.;**
**Kristin Sverchek**
General Counsel at Lyft, Inc.,
185 Berry Street, Ste 5000, San Francisco, CA 94107
844. 250.2773; **415-230-2905 x1127; kristin@lyft.com**
*Attorney for Lyft, Inc.;*

**Uber Technologies, Inc.**
**Tony West**
General Counsel at Uber Technologies, Inc.,
1455 MARKET ST 4TH FL, SAN FRANCISCO CA 94103
415-225 0625;  twest@uber.com
*Attorney for Uber Technologies, Inc.;*

**BNSF Railway Company;**

**General Counsel,**
2650 Lou Menk Dr, Fort Worth, TX 76131-2830
*Attorney for BNSF Railway Company;*

**Beal Bank, SSB;**
**Brad Cox, General Counsel,**
6000 Legacy Drive, Collin County, Plano, TX 75024
*Attorney for Beal Bank, SSB*

**Berry Aviation, Inc.;**
**William Orr**
1807 Airport Drive San Marcos, TX 78666;
Tel: 512 353 2379
*Attorney for Berry Aviation, Inc.*

**Apache Corporation;**
**General Counsel**
One Post Oak Central, 2000 Post Oak Blvd, Ste 100, Houston, Texas 77056-4400
*Attorneys for Apache Corporation;*

**Intuit, Inc.**
Michael J Sacksteder
Fenwick & West LLP
555 California Street - 12th Floor, San Francisco, CA 94104
Tel: (415) 875-2300;  Fax: 415-281-1350; Email: msacksteder@fenwick.com
*Attorneys for Intuit, Inc.;*

**Sue L. Robinson;**
District Court Judge of the District of Delaware,
844 N. King St, Wilmington, DE 19801
*Respondent and Presiding Judge*;

**Leonard P. Stark;**
District Court Judge of the District of Delaware,
844 N. King St, Wilmington, DE 19801
*Respondent and Presiding Judge*;

**Edward J. Davila**
District Court Judge of the Northern District of California,
280 South 1st Street, San Jose, CA 95113
*Respondent and Presiding Judge*;

**Alan D. Albright**
District Court Judge of the Western District of Texas, Waco Division

800 Franklin Avenue, Room 380, Waco, Texas 76701
*Respondent and Presiding Judge*;

**R.W. Schroeder**
District Court Judge of the Eastern District of Texas, Texarkana
500 North State Line Avenue, Texarkana, Texas 75501
*Respondent and Presiding Judge*;


June 22, 2020                    Respectfully submitted,

Dr. Lakshmi Arunachalam
222 Stanford Ave,
Menlo Park, CA 94025
650 690 0995;
laks22002@yahoo.com
           *Self- Represented Petitioner*
*Dr. Lakshmi Arunachalam*

## APPENDIX TABLE OF CONTENTS